HENRY FIELDS vs. THE HARTFORD & WETHERSFIELD
·HORSE-RAILROAD COMPANY.·

Hartford District, Jan. T., 1886. PARK, C. J., CARPENTER, PARDEE,
LOOMIS and GRANGER, JS.

A horse-railroad company was required by its charter to grade and keep in
    repair the surface of the street for a space not less than two feet in
    width on each side of each rail.   Held that where an injury was caused
    by the defective condition of such part of the street the company was
    entitled, before being liable to a suit, to written notice of the injury
    under the statute (Session Laws of 1883, p. 283,) which provides
    that no action for an injury from a defective highway shall be main-
    tained against any town, city, corporation or borough, unless written
    notice of such injury and of its nature and the place of its occurrence
    shall be given within sixty days.

[Argued January 22d—decided February 12th, 1886.]

ACTION for an injury from the negligence of the defend-
ant company upon a part of the highway which the com-
pany was bound to keep in repair ; brought to the Superior
Court in Hartford County.   The defendant demurred to the
complaint ; the court (*Beardsley, J.,*) sustained the de-
murrer, and rendered judgment for the defendant.   The
plaintiff appealed.   The case is sufficiently stated in the
opinion.

*T. M. Maltbie* and *P. S. Bryant,* for the appellant.

*H. C. Robinson,* for the appellee.

GRANGER, J.   This is an action for an injury caused by
the negligence of the defendant, a horse-railroad company,
upon a part of a highway which the company was by its
charter bound to keep in a safe condition.   The defendant
demurred to the complaint on the ground that it " does not
aver that written notice of the injury and of the nature and
cause thereof, and of the time and place of its occurrence,
was given to the defendant as required by law."   The Supe-
rior Court sustained the demurrer, and the plaintiff appealed.

If the injury complained of resulted from a defective highway which it was the duty of the defendant to keep in repair, then the defendant was entitled to have the notice prescribed by the statute. The language of the statute is as follows :—"Any person injured in person or property by means of a defective road or bridge may recover damages from the party bound to keep it in repair, but no action for any such injury shall be maintained against any town, city corporation, or borough, unless written notice of such injury, and of the nature and cause thereof, and of the time and place of its occurrence, shall within sixty days thereafter, or, if such defect consist of snow or ice or both, within fifteen days thereafter, be given to a selectman of such town, or to the clerk of such city, corporation or borough; and when the injury is caused by a structure legally placed on such road by a railroad company, it, and not the party bound to keep the road in repair, shall be liable therefor." Laws of 1883, p. 283.

By the General Statutes, and by the charter of the defendant, (Gen. Statutes, p. 329 ; Private Laws, vol. 5, p. 3,) it is made the duty of the defendant to grade and keep in repair the surface of the street adjoining the rails of its road for a space not less than two feet in width on each side of each rail, and to construct all crosswalks so that all vehicles can conveniently cross or turn off from such track.

The plaintiff alleges that the defendant so "improperly and negligently maintained and operated its railway in said highways as to render the use of them by the public dangerous, and that the plaintiff, while passing in his sleigh along said highways, and near the intersection thereof, by reason of the negligence and carelessness of the defendant was overturned and thrown from his sleigh and received many and severe bodily injuries."

This is the essential part of the plaintiff's complaint. What the pleader intended to prove under this statement we can only conjecture. We think the only fair import of the language is, that the defendant had so negligently constructed and kept or maintained its railroad track in rela-

tion to the highway on each side, as to render the crossing unsafe at the place where the plaintiff's sleigh was over-turned; that the railroad track was raised above or de-pressed below the adjoining grade of the street so as to constitute a defect in the highway, for which the stat-ute referred to makes the defendant alone responsible. And a horse-railroad company that is bound to keep a part of a highway in repair is entitled to notice of an injury from a defect in that part of the highway, as much as a town or any other corporation which is bound to keep a road in repair.

The complaint we must therefore treat as a complaint founded upon the statutory liability of the defendant, and before the plaintiff can enforce its provisions against the defendant he must perform his own duty under it; he must give the written notice prescribed; and the giving of such notice is a condition precedent to his right to maintain the action. This has been so often and so recently decided that it needs no further consideration. *Hoyle* v. *Town of Putnam*, 46 Conn., 61; *Shaw* v. *City of Waterbury*, 46 id., 266; *Cloughnessey* v. *City of Waterbury*, 51 id., 405; *Wall* v. *Toomey*, 52 id., 35.

There is no error in the judgment complained of.

In this opinion the other judges concurred.