MARGARET SHALLEY ET AL. *vs.* THE DANBURY AND BETHEL HORSE RAILWAY COMPANY.

Third Judicial District, Bridgeport, April Term, 1894. ANDREWS, C. J., TORRANCE, FENN, HAMERSLEY and THAYER, Js.

Under § 2673 of the General Statutes notice of an injury caused by a defective road must be given to a private corporation owning and operating a street railway, when the injury is caused by a defect in that portion of the highway which the railway company is bound by its charter to keep in repair.

Such requirement is not unconstitutional as a denial or unreasonable abridgment of the plaintiff's right to sue.

In her complaint against such street railway company, the plaintiff alleged that her agent, upon the day following the accident, stated to the president of the defendant, who was fully authorized to act for it, the time, place, occasion and circumstances of the injury and demanded damages therefor; that such officer, with full knowledge of all the facts, told said agent that after the whole damage had been ascertained the claim must be presented to an insurance company which insured the defendant against such losses, as the defendant was not liable and had nothing to do with the losses or damages in such cases; that such insurance company would see to it, and that said agent must wait and follow his, said officer's, instructions; that in reliance upon such statements, the plaintiff did not give the statutory notice to the defendant; that by such statements and by sending its physician to examine the plaintiff

after the time for giving a notice had expired, the defendant regarded its liability as still subsisting and had waived the statutory notice and was estopped from claiming it as a defense.  *Held:*—

1. That the alleged direction of the president of defendant to the plaintiff's agent, to wait and follow his instructions, could not reasonably be construed as a promise to give future instructions, but referred rather to waiting until the full extent of the damage had been ascertained.

2. That each of the parties was presumed to know the law and dealt with each other at arms length.

3. That the facts alleged did not constitute a waiver by the defendant of the statutory notice, nor estop it from availing itself of the want of such notice.

[Argued April 19th—decided June 29th, 1894.]

ACTION to recover damages for personal injuries suffered through the alleged negligence of the defendant; brought to the Superior Court in Fairfield County and tried to the court, *F. B. Hall, J.*, upon demurrer to the complaint; the demurrer was sustained, the plaintiffs filed an amended complaint which was also demurred to, and the court, *Shumway, J.*, sustained this demurrer and thereafter rendered judgment for the defendant, and the plaintiffs appealed for alleged errors of the court in sustaining the demurrers. *No error.*

The case is sufficiently stated in the opinion.

*Lyman D. Brewster* and *Samuel A. Davis*, for the appellants (plaintiffs).

When a defendant intentionally or negligently misleads a plaintiff by his representations, and causes him to delay suit until the statutory bar has fallen, the defendant will be estopped from pleading the statute.  13 Am. & Eng. Ency., 719; *Armstrong* v. *Levan*, 109 Pa. St., 177; *Lengar* v. *Hazlewood*, 11 Lea (Tenn.), 539; *Simplot* v. *Chicago, etc., R. R. Co.*, 16 F. R., 350, 363; *Joyner* v. *Massey*, 97 N. C., 149; *Whitehurst* v. *Dey*, 90 N. C., 542; *Duguid* v. *Schofield*, 32 Gratt. (Va.), 803; *Lamb* v. *Ryan*, 40 N. J. Eq., 67; *Martin* v. *Lamb*, 40 N. J. Eq., 669; *Webber* v. *Pres. etc., Williams College*, 23 Pick., 302; *Paddock* v. *Colby*, 18 Vt., 485; *Car ruth* v. *Paige*, 22 Vt., 179; *Preston* v. *Mann*, 25 Conn., 118; *Chase's Appeal*, 57 Conn., 264; *Horn* v. *Cole*, 51 N. H., 287;

*Jordan* v. *Money*, 5 H. L., 185. Equitable estoppel applies to actions at law as well as to suits in equity. *Stubbs* v. *Pratt*, 85 Me., 429 ; *Paine* v. *Stewart*, 33 Conn., 516. Examination by physician is of itself held evidence of waiver. *Carpenter* v. *Ins. Co.*, 135 N. Y., 298. So negotiations recognizing the liability. 2 Biddle on Ins., § 1142. The causing the delay is called " waiver " rather than " estoppel " by Wood, in his work on Limitations. 1 Wood on Limitations, 106. The ordinary definition of waiver, " an intentional relinquishment of a known right," is but a partial definition of one class of waivers. *Deihl* v. *Adams Ins. Co.*, 58 Penn. St., 443. " Intention " is not always necessary. 2 Biddle, § 1052. Nor is knowledge of the right waived. *Parker* v. *Parker*, 146 Mass., 320. And, in many cases, the thing waived is a condition, or privilege, rather than a right, in any true sense of that word. It is therefore immaterial whether we say " the defendant has waived the notice," or, that " he is estopped from claiming it."

*Samuel Tweedy* and *Howard B. Scott*, for the appellee (defendant).

The statutory notice is indispensable to the maintenance of an action under the statute. *Gardner* v. *New London*, 63 Conn., 267 ; *Fields* v. *Hartford and Wethersfield Horse R. R. Co.*, 54 Conn., 9 ; *Hoyle* v. *Putnam*, 46 Conn., 61 ; *Low* v. *Windham*, 75 Me., 115 ; *Clark* v. *Tremont*, 83 Me., 421 ; *Underhill* v. *Washington*, 46 Vt., 291 ; *Gay* v. *Cambridge*, 128 Mass., 387 ; *Reining* v. *Buffalo*, 102 N. Y., 310 ; *Sowle* v. *Tomah*, 81 Wis., 349.

TORRANCE, J. The defendant is a corporation owning and operating a street railroad in the towns of Danbury and Bethel. By the provisions of its charter it is made the duty of the defendant, among other things, to keep in repair that portion of the streets and highways over which its railway is laid down, and a space of two feet on each side of its tracks, without expense to the municipalities through which

its road is laid, or to the owners of land adjoining said railway.

The complaint alleges in substance that on the 21st of September, 1892, in the course of repairs to the defendants' tracks at the corner of West and Montgomery streets in Danbury, "the same were by said railway company, negligently and carelessly left at night in a hazardous and dangerous condition, by reason of the natural soil or earth between and around said tracks having been removed by said company to a considerable depth, viz., six inches or more, and said tracks were left exposed, without lights by said company, or other warning to those in passing vehicles on the public highway;" and that the plaintiff on the night of said 21st of September, while riding with her husband in a vehicle on said highway at the corner of West and Montgomery streets, "drove upon and across said railway tracks, then and there being in said negligent and dangerous and exposed condition, and with no lights or warning to give notice of their condition, and said Margaret Shalley was violently thrown from said vehicle upon the ground," and sustained the injuries for which she now seeks to recover.

No statutory notice of the accident or injuries was alleged to have been given, but the complaint in paragraph four sets forth in detail certain facts which the plaintiffs claimed either amounted to a waiver of the required notice by the defendant, or estopped the defendant from availing itself of the want of such notice. That paragraph reads as follows:—

"Said John Shalley, husband of Margaret Shalley, and in her behalf and for himself, on the following day, viz., September 22d, 1892, called upon and informed Mr. Samuel C. Holley, president of, and fully authorized to act for, said railway company, of said injury; stated to him the time, place and circumstances of the injury, the occasion thereof, and made demand of the company for damages. At said interview said Holley, president as aforesaid, acting for, and with full power to act for, said railroad company, and who was well aware of the dangerous condition of said railway, after questioning said John Shalley, and ascertaining fully

the cause, nature and extent of her, the said Margaret Shalley's injuries, then and there acting for said railway company, and authorized so to do, told said John Shalley that he must present his claim for damages after he found out the whole damage, to the insurance company, which insured the said railway company against losses, and not to the said railway company, as the said railway company had nothing to do with the losses or damages in such cases, and denied said railway company's liability. Said Holley, then and there acting for said railway company, and authorized so to do, informed and assured the said John Shalley that the insurance company would see to it, and directed said John Shalley to wait and follow said Holley's instructions. Said plaintiff relying on the said statements, assurances and instructions of the defendant, made by the said Holley, acting for said defendant, and because of said statements, assurances and instructions, did not give any written statutory notice to said railway company, within the sixty days after said injury was received as provided by statute. The said railway company subsequently to the expiration of said sixty days, and before this suit was brought, sent their physician, with plaintiff's consent, to examine said Margaret Shalley, and made said examination as part of their evidence in this case, and has since the expiration of said sixty days, by negotiation, always treated said liability as subsisting and said notice as waived. Now said railway company by its denial of liability as aforesaid, to said plaintiffs, and by it misleading the plaintiffs, as aforesaid, in regard to said notice on the day after said injury, with full knowledge of the facts, and by said subsequent conduct, has waived said statutory notice."

To this complaint the defendant demurred for the following reasons:—

" 1. It appears therefrom that no written notice of the injury, and of the nature and cause thereof, and of the time and place of its occurrence, was left with the defendant or any of its officers, within sixty days from the time of the accident as required by law. 2. The matters alleged in

said complaint as an excuse for failure to give such statutory notice, are not sufficient excuse for such failure. 3. The matters alleged in said complaint to constitute a waiver by the defendant of such statutory notice, do not constitute such waiver. 4. The defendant cannot be estopped by reason of anything alleged in said complaint from denying said waiver, or from claiming said statutory notice."

The court below sustained the demurrer, and thereupon judgment was rendered for the defendant.

It thus appears that the principal question upon this appeal is whether the facts alleged in paragraph four constitute a waiver of the statutory notice, or estop the defendant from availing itself of the want of such a notice.

Before discussing that question it will perhaps be well to notice and dispose of a claim made by counsel for plaintiffs near the close of the argument in this court, to the effect that if § 2673 of the General Statutes must be construed as requiring the notice, therein prescribed, to be given to a private corporation in a case like the one at bar, the requirement is unconstitutional.

This point is not made in the printed briefs, it was suggested rather than argued before us, and the reasons in favor of it were not stated either fully or clearly. It apparently was not made nor decided adversely to the plaintiffs in the court below, and for this reason we should be justified in passing it without further notice; but inasmuch as the point is fundamental, and if well taken renders a discussion of the former question unnecessary, we will briefly consider and dispose of it.

By its charter, as we have seen, the defendant is charged with the duty of keeping in repair a certain portion of the highways over which its railway is extended, and by statute it, and not the municipalities through which its road runs, is made liable for an injury of the kind alleged in the complaint. A burden and a liability in respect to a limited portion of the highways are thus laid upon the defendant, which are somewhat similar in their origin and nature to the burden and liability imposed by statute upon towns and

other municipalities in respect to highways. This being so it would seem to follow that the reasons for requiring the notice prescribed by statute to be given to public corporations, would equally apply to a private corporation when charged with a duty and a liability similar in its nature and origin to that imposed upon towns and other municipalities. Such a requirement is not a denial or unreasonable abridgment of the right to obtain redress for an injury occasioned by a neglect to perform the duty thus imposed; it is simply a restriction, deemed by the legislature to be reasonable, upon the exercise of such right. We think the legislature had the power to impose such a restriction, and that § 2673 of the General Statutes requires the prescribed notice to be given in cases like the one at bar. *Fields* v. *Hartford & Wethersfield Horse R. R. Co.*, 54 Conn., 9.

The complaint in question must also, we think, be treated as one founded upon the duty and liability thus imposed upon the defendant by its charter and by statute.

Whether a private corporation in a case like this can waive the statutory requirement may perhaps admit of some doubt, but in the view we take of the case at bar it is unnecessary to decide that question. The case was argued before us, in one aspect of it, on the assumption that this could be done, and for the purposes of the discussion merely, we will proceed on the same assumption.

The question then is as before stated, whether the facts set forth in paragraph four constitute a waiver of the requirement of statutory notice, or estop the defendant from availing itself of the want of notice. In discussing it we will also assume for the purposes of the discussion that it sufficiently appears from the complaint that Mr. Holley had authority to bind the defendant by what he said and did.

What then are the facts relied upon to constitute such waiver and estoppel? They relate to what took place at the interview between Shalley and Holley on the day after the accident, and to certain acts of the defendant after the sixty days had expired. At that interview Mr. Shalley told Mr. Holley all about the accident and ended by demand-

ing damages.   Mr. Holley tells him to ascertain the whole extent of the damage, and then to present his claim to the insurance company and not to the railway company ; he assured him that the insurance company would see to it, and directed him to wait and follow his (Holley's) instructions. This last direction to wait and follow Holley's instruction must, we think, have reference to waiting till the entire extent of the damage was ascertained, and then presenting the claim to the insurance company, and not to future instructions to be given by Holley in this matter.   This seems to be a reasonable construction to give to this sentence under the circumstances, because Holley then and there had instructed Shalley to a limited extent what to do ; and after the instructions then given, it would hardly seem that any further instructions were contemplated, unless we assume that Holley then and there promised to counsel and advise Shalley as to all or some of the steps necessary to perfect his claim against the defendant; and as this is neither expressly nor impliedly asserted the assumption would be a very violent one.   These parties occupied at this interview a hostile attitude, so to speak, towards each other.   The defendant was under no duty to tell Shalley what to do to obtain redress for the injuries to his wife, nor did Shalley go to him to obtain information upon this point.   We must presume that they both knew the law, and dealt with each other at arms length and upon an equal footing.   Shalley went there to state his injuries and to demand redress and not to be advised as to his legal rights.   In the absence then of any clear allegation to that effect, we ought not to construe the sentence in question as alleging a promise to give future instructions.   But if we did, the complaint nowhere alleges that the defendant failed to give such future instructions ; so that even if it should be held that he promised to do so, this point may be laid out of the case.

This then is the extent and the whole extent of the interview : Shalley informs the defendant of the accident and demands damages ; the defendant tells him to wait till he ascertains the whole extent of his damage, and then to pre-

sent his claim to the insurance company and not to the railway company, because it had nothing to do with the matter, and assures him that the former company "would see to it." Holley neither admits nor denies the validity of the claim or the extent of the damage; he simply says, in effect, "whatever claim you have, present it to the insurance company as we have nothing to do with the losses in such cases." He does indeed, in words deny that his company is liable; but this is said not with reference to Shalley's case only, but with reference to all such cases; and he gives the reason for his denial in the fact that his company was insured against such losses in cases where damage might be justly due. This is plainly what he meant and all he meant by his denial of liability, and we think Shalley must have so understood him. For aught that appears Holley's advice was given in entire good faith in the honest belief that the claim should be presented to the insurance company. Presumably, and for aught that appears, Shalley knew just as much about the legal aspect of this matter as Holley did; but however this may be, it is nowhere alleged that the plaintiffs followed this advice, or that they were in any way misled or prejudiced thereby. It is indeed alleged, that in reliance upon it they did not give the statutory notice, but we fail to see how they had a right to rely upon it for any such purpose. The parties at that interview were each standing upon their legal rights and dealing with each other as prospective litigants. Nothing whatever is said about the rights or duties of each to the other further than is stated, and certainly there is not the slightest allusion to the statutory notice during the interview; indeed, for aught that appears, it was not then present to the minds of the parties at all. The plaintiffs had ample time after the interview in which to give it, and nothing was said or done there calculated to mislead them with respect to giving notice, or that can be reasonably construed as a waiver of such notice on the part of the defendant. Nor is there anything in what it is alleged the defendant did, after the sixty days expired, which can be or ought to be construed as a waiver of the statutory notice. In short, looking

carefully at the facts alleged in paragraph four, it is impossible to find anything to justify the conclusion that the defendant waived the statutory notice, or anything that estops it from denying that such notice was given.

There is no error.

In this opinion the other judges concurred.