## LAMBURTH v. WINCHESTER AVE. R. CO.

(Circuit Court, D. Connecticut. September 23, 1896.)

CONSTITUTIONAL LAW—VESTED RIGHTS—DAMAGES FOR INJURIES OR DEATH.
The Connecticut statute making a written notice, with general description, etc., of any claim for injuries or death by accident, within four months after the accident, a condition precedent to the maintenance of suit therefor against street or steam railway companies, and which provides that, where the damages occurred before the date of the act, such notice might be given within four months after such date (Pub. Acts 1895, c. 176), was not, as to the latter provision, any denial or abridgment of existing rights, but only a reasonable restriction upon their exercise.

This was an action by Anderson R. Lamburth against the Winchester Avenue Railroad Company to recover damages for personal injuries. The case was heard on demurrer to the complaint.

A. E. Carroll, for plaintiff.
Robert Harbison, for defendant.

TOWNSEND, District Judge.    To the complaint herein, claiming damages for personal injuries through defendant's negligence, defendant demurs because there is no averment therein of notice of said injury.    A Connecticut statute passed in 1895, after the cause of action accrued, but before the complaint was filed, provides:

"Section 1. No suit or action for damages on account of injury to, or death of, any person caused by negligence shall be maintained against any electric, cable, horse, or steam railroad company, unless written notice of a claim therefor, giving a general description of such injury and the time, place, and cause of its occurrence, as nearly as the same can be ascertained, shall have been given to the defendant company within four months after the neglect complained of. Such notice may be given to the secretary or any agent or executive officer of the company.

"Sec. 2. Notice of any claim for damages occurring prior to the passage of this act may be given within four months after this act shall take effect."
Public Acts of the State of Connecticut (1895) c. 176.

It appears from the decisions of the supreme court of the state of Connecticut that the giving of such written notice is a condition precedent to the maintenance of such action, and that the failure to allege such notice is good ground for demurrer.    Fields v. Railroad Co., 54 Conn. 9, 4 Atl. 105; Shalley v. Railway Co., 64 Conn. 381, 30 Atl. 135.    The legislature, prior to the bringing of this suit, had fixed a reasonable time after the passage of said act within which such notice of injuries suffered prior to its passage might be given.    Manifestly, it intended to require that such notice should be given in every case.    Such requirement is neither a denial nor an abridgment of plaintiff's right, but only a reasonable restriction upon its exercise. Shalley v. Railway Co., supra.    The demurrer is sustained, with leave to plaintiff to amend within 10 days after the filing of this memorandum.