ALEXANDER MACK *vs.* NEW YORK, NEW HAVEN, AND
HARTFORD RAILROAD COMPANY.

Hampden.    September 29, 1898. — November 21, 1898.

Present: FIELD, C. J., HOLMES, KNOWLTON, MORTON, LATHROP, BARKER,
& HAMMOND, JJ.

*Personal Injuries — Statute — Corporation — Clerk — Secretary —
Written Notice.*

The secretary of a Connecticut railroad corporation, which has no officer called
a clerk, is a clerk within the meaning of. § 2673 of the General Statutes of Con-
necticut, which requires notice of an action against a corporation to be given
to its clerk.

TORT, for personal injuries.    Trial in the Superior Court, be-
fore *Blodgett*, J., who ruled that the action could not be main-
tained because notice was not given as required by law, and
directed the jury to return a verdict for the defendant; and the
plaintiff alleged exceptions.    The facts appear in the opinion.

The case was argued at the bar in September, 1898, and after-
wards was submitted on briefs to all the justices.

*D. E. Leary*, for the plaintiff.

*W. S. Robinson*, for the defendant.

HOLMES, J.    This is an action for personal injuries sustained
by the plaintiff while crossing the defendant's road upon a high-
way in the State of Connecticut.    The plaintiff's case is that he
fell and was hurt because the planks of the crossing were rotten;
that the statutes of Connecticut made it the defendant's duty to
keep the planks in repair, and that they give him an action for
injuries caused by the defendant's failure to obey the law.    Conn.
Gen. Sts. §§ 2673, 3499.    But by § 2673 the right to maintain
the action against a corporation is made conditional upon giving
written notice within a certain time to the clerk of such corpo-
ration.    The judge before whom the case was tried ruled that
the action could not be maintained because notice had not been
given as required by law.    The plaintiff excepted.

No written notice was given by the plaintiff except a letter
from his lawyer addressed and sent to the president of the de-

fendant company. The lawyer testified that, before sending the letter, he examined the reports of the defendant and also of the railroad commissioners, and made inquiries, and found no officer of the company called the clerk. But it did appear that there was a secretary, William D. Bishop, Jr., at Bridgeport in the State. The only question raised by the ruling which it is necessary to consider is whether this secretary was the clerk of the corporation within the meaning of § 2673. A majority of the court is of opinion that the two words have the same meaning so far as this case is concerned. By § 3455 it is provided that the direction of the affairs of such companies shall be in a board of directors who shall elect a president " and may also choose a secretary who shall also be secretary of the company, and be sworn to a faithful discharge of his duty." There is no other provision for a clerk. Yet there is no doubt that § 2673 applies to railroad companies. *Shalley* v. *Danbury & Bethel Horse Railway,* 64 Conn. 381, 386, 387. *Mack* v. *Boston & Albany Railroad,* 164 Mass. 393. It is not to be supposed that the Legislature would have required the notice to be given to the clerk of such companies if it did not assume that they must have a clerk, taking that word in the sense in which it was used in § 2673 making the requirement. We are aware of no difference between the duties of the secretary of a corporation, at least where there is no officer distinctively called clerk, and those of one called clerk. No difference is suggested by the counsel for the plaintiff or by the dictionaries. " Clerk " and " secretary " seem to be regarded as synonymous in a recent learned work. 4 Thompson, Corp. § 4693. It is said that the statute should be liberally construed. We do not get much light from such generalities, but surely it would be a very illiberal construction under the circumstances which we have stated to say that a notice to the secretary did not satisfy the words of the act. Yet if the words of the act can be satisfied they must be. Leaving on one side the case where they cannot be complied with, compliance with them is a condition precedent to the right of action given by the law. *Gardner* v. *New London,* 63 Conn. 267, 269. *Fields* v. *Hartford & Wethersfield Horse Railroad,* 54 Conn. 9. *Veginan* v. *Morse,* 160 Mass. 143, 146. It is not enough that the corporation has had actual notice, however full

and complete, if the form prescribed by the statute could have been followed but was not. If, for instance, the defendant had had an officer called a clerk, we suppose that no one would contend that the notice in this case was good under the act. If that be so, and there is a synonymously named officer who is a clerk in functions and attributes, a service upon whom would satisfy the requirement of the statute, we think it follows that the failure to give notice to him cannot be excused by showing that the corporation had actual notice and suffered no harm. *Crocker* v. *Hartford*, 66 Conn. 387, 390, 391. See *Amy* v. *Watertown*, 130 U. S. 301, 316, 317; *McCall* v. *Byram Manuf. Co.* 6 Conn. 428, 435.                    *Exceptions overruled.*