FRANK A. COBURN vs. THE CONNECTICUT COMPANY.

First Judicial District, Hartford, October Term, 1911.
HALL, C. J., PRENTICE, THAYER, RORABACK and WHEELER, Js

The law casts upon a street-railway company the same duty to exercise
ordinary care in the conduct of its affairs, and the same liability
for its failure to do so, which rests upon all other private corpora-
tions and individuals, unless such duty and liability are limited,
expressly or impliedly, by statute.

General Statutes, § 3837, requires a street-railway company to keep such portion of the highway as is included between its tracks in repair; and § 2020 imposes a liability upon the company for a breach of this duty. *Held* that the duty and liability thus created are public and governmental in character and rest upon foundations entirely unlike those of common-law negligence.

An act of a street-railway company which constitutes negligence at common law may also be a breach of its duty to repair the highway, and where this is the case the party injured may pursue either his common-law remedy, or the remedy given by statute, at his election.

The defendant street-railway company removed the cover of a drain-box or catch-basin which it had built for its own purposes between its tracks, and failed to guard or protect in any way the dangerous excavation thus uncovered. *Held* that the plaintiff, who rode into the pit or hole while in the exercise of due care, and was injured, might maintain an action at common law for the defendant's negligence, and was not bound to sue under § 2020 for a breach of the defendant's duty to keep the street in repair; and therefore a notice of the plaintiff's injury, given within four months of its occurrence (§ 1130), although not within the sixty days required by § 2020, was sufficient to maintain the action at common law.

Argued October 4th—decided November 1st, 1911.

ACTION to recover damages for personal injuries alleged to have been caused by the negligence of the defendant, brought to the Superior Court in Hartford County and tried to the court, *Williams, J.*, upon a demurrer to the complaint; the court sustained the demurrer and rendered judgment for the defendant, and the plaintiff appealed. *Error and judgment reversed.*

The complaint sets up an injury to the plaintiff received while he was riding his bicycle in a Hartford city street, through which the defendant maintains a single track and equipment. It is alleged that the defendant had installed, in connection with the operation of this line, a sewer-box or catch-basin extending from rail to rail and about a foot deep and wide, and having a cover; that it was its duty to keep the cover on, or to guard the place if it was removed; that it neglected

this duty, and negligently removed the cover and left the box or basin in that condition wholly unguarded and without warning; that the box or basin thus left was a dangerous pit or hole, and one liable to cause injury to persons and vehicles passing along the highway; and that the plaintiff received his injuries by riding his wheel into it while in the exercise of due care on his part, and by reason of the negligence of the defendant in the premises.

The statutory notice was given within four, but not within two, months after the injuries were received.

*William F. Henney* and *Frank A. Hagarty*, for the appellant (plaintiff).

*Joseph F. Berry*, for the appellee (defendant).

PRENTICE, J. The only question presented by the demurrer to this complaint was whether or not a good cause of action was set up by reason of the fact, as it appeared, that statutory notice of the accident was not given to the defendant until more than two, but less than four, months had elapsed. The only error here assigned is the action of the trial court in sustaining the demurrer.

The law casts upon the defendant, a private corporation, the same duty to exercise ordinary care in the conduct of its affairs, and the same liability for its failure to do so, which rests upon all other persons and private corporations, unless there is some statute expressly or impliedly imposing limitations upon such duty and liability. *Cadwell* v. *Connecticut Ry. & Ltg. Co.*, 84 Conn. 450, 80 Atl. 285. The only statute pointed out as imposing such a limitation is § 2020 of the General Statutes, taken in connection with other statutes which cast a duty of highway repair upon street rail-

ways. General Statutes, § 3837. This section creates a duty where before there was none, and through its operation there exists a liability, by force of § 2020, which was not recognized at common law. The liability is not one which rests upon common-law negligence. It rests upon the failure to perform a governmental duty which the legislature has seen fit to cast upon street railways. It creates an arbitrary standard of duty which is measured by the requirements of this governmental duty, in order that the demands of public travel may be met. Its foundation is entirely unlike that of common-law negligence. Section 2020 contains the provision which seeks to accomplish the performance of the imposed duty. It is penal in its character, the liability therein created being in the nature of a penalty for disobedience of the statutory mandate. The wrong of which the statute takes cognizance and aims to redress is, in the conception of our law, a public and not a private one. *Bartram* v. *Sharon*, 71 Conn. 686, 692, 43 Atl. 143.

The defendant contends that by the enactment of the legislation creating this duty and liability the General Assembly, by necessary implication, provided that wherever and whenever a street-railway company or other private corporation, charged with a duty of highway repair, is guilty of conduct such as would, under ordinary circumstances, amount to common-law negligence, and this negligent conduct finds its expression in a situation which renders defective a highway, or portion of highway, in respect to which it owes the duty of repair, the party injured can have no other redress than that furnished by § 2020. It says that in such case there can be no action founded on negligence apart from the statute, and that the remedy as for a defective highway is exclusive.

We cannot agree with this contention, and fail to

discover any sound reason why the giving of the statutory remedy as a penalty for the commission of a public wrong, and the sanction of a statutory mandate which is concerned with the performance of a governmental duty, should, in the absence of express provision, operate to deprive a party of rights of action immemorially recognized and which grow out of the private relations of man to man. On the contrary, we are of the opinion that in a proper case a party injured may have his election whether he will avail himself of the remedy of the statute or that of the common law. See *Conway* v. *Waterbury*, 84 Conn. 345, 349, 80 Atl. 83; *Hinckley* v. *Danbury*, 81 Conn. 241, 242, 70 Atl. 590.

In the present case the complaint states a good cause of action at common law. Furthermore, it is apparent from its allegations and those it does not contain, that the pleader was studiously attempting to state a cause of action of that character. The two-month limitation as to notice, contained in § 2020, is therefore inapplicable, and the pertinent limitation is that of four months, embodied in § 1130.

There is error, and the judgment is set aside and the cause remanded to be proceeded with according to law.

In this opinion the other judges concurred.