CHRISTINA LINDBLADE (NATHAN REBACK, ADMINISTRATOR) vs. THE UNITED STATES RUBBER COMPANY ET AL.

Third Judicial District, New Haven, January Term, 1925.

WHEELER, C. J., BEACH, CURTIS, KEELER and MALTBIE, Js.

The trial court sustained a demurrer to the first count of the substituted complaint which alleged, in part, that the defendants owned and controlled a row of dwelling-houses in front of which they maintained a private road and sidewalk, apparently a public highway and openly and generally used as such by the public

at large; and that the plaintiff, after having paid a visit at one of the houses, and while walking across the sidewalk toward her waiting automobile, slipped and fell upon an accumulation of ice and snow which the defendants had negligently permitted to gather thereon. *Held* that the trial court erred, since the facts alleged constituted a cause of action under the recognized principle that an owner who invites the public to use his premises as they would public ways, becomes obligated to exercise reasonable care to protect them from injuries due to defects therein.

The trial court also sustained a demurrer to the second count which was substantially a reiteration of the first count with the exception of the allegations as to public user which were omitted and replaced by averments that the road and sidewalk were maintained by the defendants as an approach to the dwelling-houses for the use of the residents and their invitees. *Held* that the trial court erred, since the count in question was a legally sufficient statement of defendants' liability under the rule that a landlord, who reserves control of the common approaches to several tenements, must use reasonable care to keep them safe for his tenants and others having lawful occasion to visit them for business or social purposes.

The trial court properly sustained a demurrer to the third count, which alleged that § 1414 of the General Statutes imposed upon the defendants the duty to keep the sidewalk in repair, since that statute relates only to public highways.

Submitted on briefs January 29th—decided April 22d, 1925.

ACTION to recover damages for personal injuries alleged to have been·caused by the negligence of the defendants, brought to the Superior Court in New Haven County where the demurrer to the first and second counts of plaintiff's substituted complaint was sustained (*Kellogg, J.*) and thereafter the demurrer to the third count was sustained (*Nickerson, J.*) and, upon the plaintiff's refusal to plead over, judgment was rendered for the defendants, from which the plaintiff appealed. *Error in part and cause remanded.*

*Louis Feinmark,* for the appellant (plaintiff).

*Clayton L. Klein,* for the appellees (defendants).

MALTBIE, J.  The plaintiff's original complaint was held to be insufficient on demurrer; it was replaced by a substituted complaint in two counts, which was also held to be insufficient on demurrer; a third count was thereafter added by amendment, and likewise demurred to and held insufficient.  The original complaint, having been replaced by another, has now no place in the case except as a matter of its history, but it does afford a convenient method of approach to the issues before us.  Briefly summed up, its allegations were that the defendant The United States Rubber Company owned, and the defendant The Rubber Regenerating Company as its agent and subsidiary had control and charge of, a certain piece of property on which stood a row of dwelling-houses; that directly in front of the houses was an open space resembling and laid out in the same manner as a public highway and between it and the houses was a space laid out as and intended to be used by pedestrians in approaching and entering the houses; that these spaces were not public ways, that they were owned and controlled by the defendants as were the premises on which stood the houses, but that they were in no way marked as not constituting a public highway and sidewalk; that they were generally used for the approach to the houses, by vehicles and pedestrians, by those occupying the premises and their invitees, as the defendants knew; that the plaintiff, on December 25th, 1922, had been visiting in one of the houses and upon leaving it was passing over the walking space to enter an automobile which had brought her to the premises; that this space was and for a long time had been dangerous by reason of ice and snow gathered upon it, a condition which the defendants knew or would have known had they exercised a reasonable oversight of the premises, but which they had done nothing to remedy; and that the plain-

tiff, without negligence on her part, slipped on the ice and fell, causing the injuries for which a recovery is sought. The demurrer to this complaint stated many grounds but it was sustained, *Avery, J.,* because the trial court held that the ice and snow upon the walking space could not in law constitute such a dangerous condition as would obligate the defendants to remove it. The substituted complaint in its first count restated the general situation but, instead of resting upon the use of the roadway and walking space as the approach to the houses by those occupying or having occasion to visit them, set up a general use of them by the public and a general recognition of them by the public and the defendants as constituting a public highway and walking space, and a long time assumption by the defendants of their maintenance and care for use by the public; and in its second count it restated the allegations of the original complaint, adding others to the effect that the walking space was by reason of its surface, layout and grade, peculiarly dangerous when covered with ice and snow, that this condition had been getting worse over a considerable period of time, and that the defendants, knowing of this or in a situation where they ought reasonably to have known of it, had done nothing to safeguard those passing over the space in question. In passing upon the demurrer to this complaint, the trial court, *Kellogg, J.,* considered that there was no essential change in the situation created by its allegations and applied the ruling upon the original demurrer as the law of the case. Of the third count added to the substituted complaint it is sufficient to say that it alleges that the defendants by their conduct with reference to the roadway and walking space had placed themselves under an obligation to keep them in repair under the provisions of § 1414 of the General Statutes and that they had become de-

fective by reason of the snow and ice upon them; and it sought a recovery under that statute. The trial court, *Nickerson, J.*, held that the facts alleged created no situation within the purview of the statute.

Under the allegations of the original complaint the plaintiff might have been able to prove that she suffered injury while upon that portion of defendants' premises which was used as a common approach to all the houses. So she might have brought her case within the principle of the decisions which hold that where a landlord rents apartments in his building to various tenants, reserving control of the common approaches, he is bound to use reasonable care to keep those approaches reasonably safe for his tenants and others having lawful occasion to visit them for business or social purposes. In *Reardon* v. *Shimelman*, ante, p. 383, 128 Atl. 705, we have just considered that principle as applied to dangerous conditions due to ice or snow which had accumulated upon an approach, and held that the fact of such an origin did not take the situation out of the general rule. The second count of the substituted complaint reiterated the essential allegations going to make out such a case, and the addition of other unessential matters cannot derogate from its sufficiency in law, however much they may serve to cloud the real issues. So, too, with the fact that the particular defect in question was caused by an accumulation of ice and snow eliminated as a means of differentiation, the plaintiff might establish a right of recovery under the first count of the substituted complaint upon the ground that the defendants, by opening the spaces in front of the houses to general travel, so that, in effect, they invited the public to use them as they would public ways, became obligated to use reasonable care to protect those passing over them from injuries due to defects therein. *Crogan* v. *Schiele*, 53 Conn. 186,

1 Atl. 899, 5 id. 673; *Pomponio* v. *New York, N. H. & H. R. Co.,* 66 Conn. 528, 539, 34 Atl. 491; *Ulrich* v. *New York, N. H. & H. R. Co.,* 98 Conn. 567, 119 Atl. 890. The demurrers to the first two counts of the substituted complaint were not well taken. That to the third count was, however, properly sustained. Section 1414 of the General Statutes does provide that "any person injured in person or property by means of a defective road or bridge may recover damages from the party bound to keep it in repair." But that statute applies only to injuries caused by defects in public highways, its very *raison d'etre* being the fact that, except for legislation, there would be many such injuries for which there could be no recovery. *Bartram* v. *Sharon,* 71 Conn. 686, 692, 43 Atl. 143; *Lavigne* v. *New Haven,* 75 Conn. 693, 700, 55 Atl. 569; *Seidel* v. *Woodbury,* 81 Conn. 65, 68, 70 Atl. 58; *Coburn* v. *Connecticut Co.,* 84 Conn. 654, 657, 81 Atl. 241.

There is error, the judgment is set aside and the cause remanded to be proceeded with according to law.

In this opinion the other judges concurred.