## LOUIS DeCAPUA
### vs.
## CITY OF NEW HAVEN, ET AL.

Superior Court        New Haven County        File No. 52246

MEMORANDUM FILED JULY 11, 1939.        126 Conn. 558

*David E. FitzGerald, Jr.,* of New Haven, for the Plaintiff.

*James W. Grady,* of New Haven, for the Defendants.

O'SULLIVAN, J. This action was instituted against the City of New Haven as well as against the trustees of the New Haven Railroad Company. The city's demurrer to the complaint was sustained and the case proceeded to trial against only the trustees.

It seems that on March 7, 1936, the plaintiff was crossing a bridge on Columbus Avenue in New Haven, the bridge having been built over a cut through which ran the trustees' railroad tracks. When partially across, the plaintiff caught his foot in a bent bolt which had worked its way up from the planking

a matter of three or more inches. As a result, he fell and broke two bones in his foot. The sole cause of the accident was the defective condition which had existed for over six months substantially as it was on March 7th.

On July 14, 1936, written notice of the accident and of its cause and results was given to the railroad company. Suit was instituted on March 2, 1937.

The facts are such that the plaintiff is entitled to a judgment unless he failed to comply with the statutory requirement as to the time within which notice should have been given to the railroad.

Section 3675 of the General Statutes, Revision of 1930, provides that railroad companies shall keep in repair all structures over their tracks at any highway crossing. Section 1420 gives a right of action to any person who has been injured by means of a defective bridge, the right being to recover damages from the party bound to keep it in repair. Hence it follows that these defendants were required to keep the bridge in question in a state of reasonable repair. But the latter section further provides that no action shall be maintainable unless written notice of the injury and of the cause and time of its occurrence shall have been given within 60 days to the railroad.

The giving of this notice is a condition precedent to the right of recovery. *Fields vs. Hartford & Wethersfield Horse R.R. Co.,* 54 Conn. 9; *Shalley vs. Danbury & Bethel Horse Ry. Co.,* 64 id. 381; *Lavigne vs. New Haven,* 75 id. 693, 700.

The plaintiff having failed to give notice until long after the 60-day period expired is barred recovery.

In passing it should be observed that section 1684c of the Cumulative Supplement to the General Statutes (1935), providing for a period of six months within which to give written notice of injury to a public service corporation, is inapplicable to the situation at hand. This section in the Supplement has reference only to actions based on negligence. The instant suit is not of that character. On the contrary it is an action based upon the statute (Gen. Stat. [1930] §§1420, 3675).

Judgment may enter for all the defendants.