LOUIS DeCAPUA *v.* CITY OF NEW HAVEN ET ALS.

MALTBIE, C. J., HINMAN, AVERY, BROWN and JENNINGS, Js.

Argued February 9—decided April 16, 1940.

*Jeremiah D. Shea,* with whom was *John Clark Fitz-Gerald,* and, on the brief, *David E. FitzGerald, Jr.,* for the appellant (plaintiff).

*James W. Grady,* with whom, on the brief, was *E. R. Brumley,* for the appellees (defendants).

MALTBIE, C. J. The plaintiff was injured by reason of tripping over a bolt protruding from the planks of a bridge over a railroad track maintained and operated by the New York, New Haven and Hartford Railroad Company, whom the defendant trustees represent. He sued the defendant city and the trustees for damages for the personal injuries suffered. A demurrer filed by the city was sustained and the plaintiff concedes that no liability could be established as to it. The defendant trustees, to whom we shall hereafter refer as the defendants, admit, on the other hand, that the responsibility for any defective condition on the bridge rested upon them by reason of the provisions of § 3675 of the General Statutes, which requires railroad companies to keep in repair structures over their tracks at any highway crossing, including the planking or other surface material of a highway upon such a structure. The trial court concluded that the planked surface of the highway was in a dangerous and defective condition and in need of repairs; that ordinary and reasonable inspection would have disclosed this condition to the defendants; that they knew or in the exercise of reasonable care should have known of it; that they had a fair and reasonable opportunity to repair the planked surface of the highway prior to the time the plaintiff was injured; and that the sole cause of his injuries was the defective condition of the bridge. However, it also concluded that the only right of recovery which the plaintiff had proven was one under the provision of § 1420 of the General Statutes, which authorizes a recovery by any person injured by reason of a defective road or bridge from the party bound to keep it in repair, and as the plaintiff had not given notice to the

trustees within sixty days from the occurrence of the injury, as required by the terms of that statute, he could not recover. The plaintiff maintains that in addition to the right to recover authorized by this statute, he was also entitled to claim damages for the negligence of the defendants at common law, and that it was sufficient to give notice of the injury, as he did within six months of its occurrence, as required by § 6029 of the General Statutes as amended by § 1684c of the Cumulative Supplement of 1935, in force when the injury occurred, which required notice within that time in case of a personal injury to or death of any person or injury to personal property caused by the negligence of a railroad company. The basic question involved in this appeal is, then, whether the plaintiff might recover against the defendants for their negligence in permitting the dangerous condition upon the bridge at common law so that the sixty-day notice required by § 1420 would not be a condition precedent to the action.

The establishment and maintenance of public highways is a function of the state. *Bartram* v. *Sharon,* 71 Conn. 686, 692, 43 Atl. 143; *Rudnyai* v. *Harwinton,* 79 Conn. 91, 94, 63 Atl. 948; *Connecticut L. & P. Co.* v. *Southbury,* 95 Conn. 242, 246, 111 Atl. 363; *Yale University* v. *New Haven,* 104 Conn. 610, 621, 134 Atl. 268. The state may, however, impose the duty of establishing or maintaining highways upon any agency which it chooses. *Nicholson* v. *New York & N. H. R. Co.,* 22 Conn. 74, 85; *State ex rel. Bulkeley* v. *Williams,* 68 Conn. 131, 158, 35 Atl. 24. As early as 1672 the state placed the burden of maintaining highways upon the towns; Acts of 1672, p. 7; *Bartram* v. *Sharon,* supra, 694; *Bacon* v. *Rocky Hill,* 126 Conn. 396, 11 Atl. (2d) 399; and, with certain exceptions, they have ever since been charged with that duty.

Beginning about 1735 the General Court in a number of instances authorized individuals to build and maintain bridges, permitting them to charge tolls to travelers at specific rates or granting them tax exemptions as compensation for their performance of the duty. See, for example, 8 Col. Rec. 139, id. 471. No doubt as a result of this, the statute imposing upon towns the duty to maintain highways and bridges was, some time before 1769, amended by adding to the clause imposing the duty the words "unless . . . it belongs to any particular person or persons to maintain such bridge in any particular case" and by changing the portion of the statute imposing a liability for injuries suffered through the defect or insufficiency of any bridge or highway to impose the penalty upon the town or the person who ought to maintain the same. Statutes, Edition of 1769, p. 17. In subsequent years the Legislature placed the burden of constructing and maintaining bridges and highways or portions of them upon various bodies, as, for example, turnpike companies; *Seidel* v. *Woodbury*, 81 Conn. 65, 72, 70 Atl. 58; railroads, *Middletown* v. *New York, N. H. & H. R. Co.*, 62 Conn. 492, 494, 27 Atl. 119; street railway companies, *Shalley* v. *Danbury & B. Horse Ry. Co.*, 64 Conn. 381, 386, 30 Atl. 135; *Root* v. *Connecticut Co.*, 94 Conn. 227, 233, 108 Atl. 506; highway or bridge districts, *State ex rel. Bulkeley* v. *Williams*, supra; and special boards or commissions, *Norwalk* v. *Podmore*, 85 Conn. 498, 502, 83 Atl. 629; *Johnston* v. *Hartford*, 96 Conn. 142, 153, 113 Atl. 273. There is no question that if the agency upon which the Legislature imposes the duty is acting solely in the public interest, it is entitled to the immunities from liability which inhere in the performance of a governmental function. *Colwell* v. *Waterbury*, 74 Conn. 568, 572, 51 Atl. 530; *Rudnyai* v. *Harwinton*, supra.

Where, however, the duty is imposed upon and ac-

cepted by a private corporation as an incident to a franchise granted by the Legislature to it for its profit, a different situation is presented. It was early suggested in the case of a turnpike company that it might be liable for negligence in failing to keep in repair the highway in its charge. *Goshen and Sharon Turnpike Co.* v. *Sears,* 7 Conn. 86, 93. In *Shalley* v. *Danbury & B. Horse Ry. Co.*, supra, the plaintiff sued for injuries suffered through a dangerous condition in a highway which the defendant, under its charter, was obligated to keep in repair; the claim was made that the requirement of notice under § 2673 of the General Statutes, Revision of 1888, now § 1420 of the Revision of 1930, would be unconstitutional as applied to a private corporation, but we held that not only was it constitutional but the notice was required in cases like the one at bar. We said, however (page 386), that the charter imposed a burden and a liability upon the defendant in respect to a limited portion of the highways "somewhat similar in their origin and nature to the burden and liability imposed by statute upon towns and other municipalities in respect to highways" and specifically pointed out (page 387) that the complaint was one under the statute. In *Bartram* v. *Sharon,* 71 Conn. 686, 696, 43 Atl. 143, after pointing out that the obligation to build and maintain necessary highways imposed upon the towns is a public governmental duty for which no action lies unless authorized by statute, we said: "The rule as to a town's liability does not necessarily apply to private corporations responsible for the repair of highways; as to them or some of them the statutory obligation may be in affirmance of a common-law liability for negligence. *Goshen and Sharon Turnpike Co.* v. *Sears,* 7 Conn. 86, 93. But that question is not now involved." In *Lavigne* v. *New Haven,* 75 Conn. 693, 55 Atl. 569, where it was held that an

action would lie against a street railway company
under the statute for a defect in a portion of the street
it was bound to repair, we were careful to point out
(page 701) that the complaint stated no cause of ac-
tion other than one under the statute. In *Crotty* v.
*Danbury,* 79 Conn. 379, 382, 65 Atl. 147, we again
pointed out that this was so as to the action then be-
fore us and the language of that opinion must be read
in the light of that statement. In *Cowles* v. *New York,
N. H. & H. R. Co.,* 80 Conn. 48, 66 Atl. 1024, the ques-
tion at issue was the liability of the defendants for
injuries which occurred when one of its trains ran into
an automobile at a grade-crossing and the specific
claim of the plaintiff was that the defendants were
liable because of the presence of trees and shrubs upon
the railroad right of way and adjoining lands which
interfered with the vision of a traveler crossing the
tracks; we said (page 54) that the state might have
imposed duties such that the defendants would be lia-
ble so far as the statute made them but "without
such state action they do not, so far as concerns the
condition of the roadbed at the crossing and of its
approaches, owe any legal duty to travelers using the
highway, beyond the statutory duty of maintaining in
safe condition the highway as established by the state."
The statement was not strictly necessary to the deci-
sion and it can hardly be that in such an incidental
way the court intended to determine the question
which in previous decisions it had expressly reserved.

With our law in this condition, the case of *Coburn* v.
*Connecticut Co.,* 84 Conn. 654, 81 Atl. 241, came before
the court. The plaintiff in that case claimed a recov-
ery based upon the fact that the defendant street rail-
way company had installed a catch basin between the
rails of its track which had a cover and that it negli-
gently removed the cover and left the catch basin in

that condition, wholly unguarded and without warning. The contention was made by the defendant that the statute, now § 1420 of the General Statutes, by necessary implication provided that whenever a highway, with the duty to repair which a street railway company or other private corporation is charged, becomes defective within the meaning of the statute, it would be liable only for breach of the statutory duty and could not be held liable upon the ground of common-law negligence. We refused to agree with this contention, and said that we failed "to discover any sound reason why the giving of the statutory remedy as a penalty for the commission of a public wrong, and the sanction of a statutory mandate which is concerned with a performance of a governmental duty, should, in the absence of express provision, operate to deprive a party of the rights of action immemorially recognized and which grow out of the private relations of man to man. On the contrary, we are of the opinion that in a proper case a party injured may have his election whether he will avail himself of the remedy of the statute or that of the common law." It is true that the situation before the court might have been regarded as a nuisance created by the defendant; *Stoto* v. *Waterbury*, 119 Conn. 14, 174 Atl. 189; and that on this ground the defendant might have been held liable. *Bacon* v. *Rocky Hill*, supra. However, the action before the court was grounded upon negligence and was expressly recognized as such in the opinion; nor was any distinction made between negligence consisting merely of a failure to repair a highway and one where the person bound to repair actively created the condition. That this was the scope of the decision appears from the case of *Root* v. *Connecticut Co.*, 94 Conn. 227, 108 Atl. 506, where recovery was sought by reason of injuries due to the fact that the planking beside a

rail of the track of a street railway company which it was bound to maintain had become rotted and worn so that there was a depression in it which caused the plaintiff's injuries; we stated that two causes of action were set up in the complaint, a liability to the plaintiff for injuries resulting from the defective condition of the planking through the violation of its statutory duty, and a liability through violation of the defendant's common-law duty to exercise reasonable care to keep this planking in good condition for public travel. We said (page 231), citing the *Coburn* case: "The statutory liability 'rests upon the failure to perform a governmental duty' which the General Assembly has cast upon the defendant railway. The common-law liability rests upon a different foundation—upon failure to exercise ordinary care in the conduct of its affairs. The plaintiff had an election which remedy to pursue."

It is true that in *Lindblade* v. *United States Rubber Co.*, 102 Conn. 396, 401, 128 Atl. 707, we said of the statute imposing liability for defects in public highways, that its very raison d'etre was the fact that, except for legislation, there would be many injuries for which there could be no recovery. That statement, apt enough to the case then before the court, cannot be understood as implying that wherever a recovery for a highway defect might be had under the statute, no other right of action may be asserted, for in *Bacon* v. *Rocky Hill*, supra, we recently held that even against a municipality there might be a recovery for a dangerous condition upon a highway which amounted to a nuisance which the municipality had created. Indeed, to hold a private corporation liable for the negligence of its agents in performing a function which otherwise might fall within the field of governmental immunity, where that function is an incident of a

franchise granted to and accepted by it for private profit, fully accords with the principle of law that even municipal corporations are liable for the torts of their agents in performing functions which are assumed by them for their own special corporate benefit or pecuniary profit. *Carta* v. *Norwalk*, 108 Conn. 697, 701, 145 Atl. 158; *Bolster* v. *Lawrence*, 225 Mass, 387, 114 N. E. 722; 6 McQuillin, Municipal Corporations (2d Ed.) 1042. Thus in *Tierney* v. *Correia*, 120 Conn. 140, 149, 180 Atl. 282, we held that a town might be liable for the negligence of its agent in the course of constructing a highway where the town was carrying out a contract made with the state for the performance of the work and it could be found that the town entered into the contract for its special corporate benefit and pecuniary profit.

The plaintiff, then, was entitled to seek recovery from the defendant for a violation of its common-law duty to exercise reasonable care to keep the planking of the bridge in a reasonably safe condition. *Drible* v. *Village Improvement Co.*, 123 Conn. 20, 23, 192 Atl. 308. The conclusions of the trial court are ample to support a recovery upon this ground. The plaintiff was, therefore, entitled to judgment. As, however, the trial court found that the defendant was not liable it did not assess the damages to which the plaintiff was entitled. The case must, therefore, be remanded with direction to enter judgment for the plaintiff for such damages as he shall prove that he is entitled to recover.

There is error; the judgment is set aside and the case remanded with direction to enter judgment for the plaintiff for such sum as he may prove himself entitled to recover.

In this opinion AVERY, BROWN, and JENNINGS, Js., concurred.

HINMAN, J. (dissenting). Section 3675 of the General Statutes, 1930, is a survival in part of the statute of 1849 mentioned in *Middletown* v. *New York, N. H. & H. R. Co.,* 62 Conn. 492, 494, 27 Atl. 119. It first appears in a form resembling the present statute as § 7 of Chapter 220 of the Public Acts of 1889. This provided that the railroad company should maintain and keep in repair the structure but made it the duty of the municipality to repair the surface of the highway, including the planking or other surface material upon the structure. By Chapter 244 of the Public Acts of 1893 this was changed so as to require the company to repair the surface of the highway as well as the structure, but made it the duty of the municipality to notify the company in writing of any defect therein. This latter requirement continued (§ 3719, General Statutes, 1902, 1918) until, by Chapter 186 of the Public Acts of 1923, there was a return to the municipality of the duty to maintain the roadway. However, in 1925 (Public Acts, Chapter 21) the statute reverted in substance to § 3719 of the General Statutes of 1918, except that the requirement of notice to the company by the municipality was omitted, and the statute has since continued substantially the same.

Chapter 140 of the Public Acts of 1869 provided that no town should be liable for injury received on any highway by reason of any structure placed therein by any railroad corporation by authority of law but that damages therefor might be recovered in a suit against the company. This was embodied in § 10 of Chapter 7, Title 16, General Statutes, 1875, page 232, which also contained the general provisions for recovery "from the party bound to keep [a road or bridge] in repair," now in § 1420 of the General Statutes, but provided only for notice to a selectman of a town or the clerk of a city or borough. The additional

provision for notice to the clerk of a corporation was inserted by Chapter 105 of the Public Acts of 1883, which also provided that "when the injury is caused by a structure legally placed on such road by a railroad company, it, and not the party bound to keep the road in repair, shall be liable therefor," and this is still in § 1420 of the General Statutes, 1930.

Therefore may it not reasonably be said, as it was in *Shalley* v. *Danbury & B. Horse Ry. Co.*, 64 Conn. 381, 386, 30 Atl. 135, that the "burden and liability in respect to a limited portion of the highways" thus laid by statute upon railroads are similar to those imposed by statute upon municipalities, also that like notice should be a prerequisite to action against them, and that the Legislature so intended. See, also, *Lavigne* v. *New Haven*, 75 Conn. 693, 700, 55 Atl. 569; *Crocker* v. *Hartford*, 66 Conn. 387, 390, 34 Atl. 98. The legislative history of the statutes shows that there has been some vacillation, but it is plain that the intent and effect was to transfer to railroads, as to highway bridges over their tracks, the statutory duty and liability which primarily had been upon the municipalities, and I regard it a reasonable view that the Legislature contemplated that notice be given the railroad, as to defects for which it was liable, like that to be given to municipalities liable as to the remainder of the highway.

Section 6029 of the General Statutes, the other notice statute, originated as Chapter 176 of the Public Acts of 1895, and has always referred to actions for damages caused by negligence in the general sense. As already noted, the provision for notice to the corporation made liable under Chapter 140 of the Public Acts of 1869, was inserted in 1883 (Public Acts, Chapter 105) and long antedated the general railroad notice statute, § 6029. This also may be taken as indicating

that what the Legislature had in mind in 1883 was the kind of notice provided in the same section to be given to a municipality in a case where it, instead, was liable.

Municipal liability for defective highways, caused by neglect of governmental duty, rests on statute alone; when that liability is transferred to a railroad company it should still be regarded as statutory, and subject to the same limitations (*Lavigne* v. *New Haven,* supra, 700) rather than relegated to common-law negligence. It seems to me that in *Coburn* v. *Connecticut Co.,* 84 Conn. 654, 81 Atl. 241, due weight may not have been accorded the consideration just mentioned under which, as noted in the *Lindblade* case, there would be no recovery except for the statute. While the *Root* case cited the *Coburn* case with apparent approval (page 232) it held (page 239) that § 3719 (General Statutes, 1918) now § 3675 did not apply to street railways and recovery was had under another statute (General Statutes, 1918, § 1515) allowing recovery over by the state of the amount of any judgment rendered against it for a highway injury, from any other person by whose negligence the injury was caused. In my opinion the trial court was right in concluding that failure of the plaintiff to give notice as prescribed by § 1420 of the General Statutes precludes recovery.