[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE DEFENDANT METRO NORTH'S MOTION TO STRIKE #107
The plaintiff, Lynn Kelly, filed a second revised complaint against the defendants, the Commissioner of Transportation, the City of Stamford and the Metro North Commuter Railroad Company on June 15, 1998. Kelly alleges in the third count of her complaint that she fell on a "defective depression" of the sidewalk at the Stamford Railroad Station; that she suffered injuries as a result of her fall; and that her injuries "were caused by the breach of statutory duty, pursuant to Connecticut General Statutes §13a-149, of [Metro North]. . . ." Second Revised Complaint, Third Count, ¶¶ 4 and 5.
Metro North moved to strike the third count on two grounds and the fifth count on one ground on July 16, 1998. Metro North contends that the third count should be stricken because "a claim under § 13a-149 . . . may not be maintained unless: (1) [Kelly] has filed a written notice within 90 days of the alleged injury, which filing must be alleged in the Complaint. . . ."; and because Kelly "failed to allege that the alleged defect was the sole proximate cause of her injury." Metro North states that the fifth count should be stricken because "a claim for loss of CT Page 2371 consortium may not Be maintained under § 13a-149."[1]
Metro North filed a memorandum of law in support of its motion, and Kelly subsequently filed a memorandum of law in opposition.[2] The parties also submitted supplemental memoranda.
"The function of a motion to strike is to test the legal sufficiency of a pleading; it admits all facts well pleaded . . . The role of the trial court is to examine the complaint, a legally sufficient cause of action." (Citation omitted.) Doddv. Middlesex Mutual Assurance Co., 242 Conn. 375, 378,698 A.2d 859 (1997); see Practice Book § 10-39.
General Statutes § 13a-149 provides in pertinent part, "[a]ny person injured in person or property by means of a defective road or bridge may recover damages from the party bound to keep it in repair . . . No action for any such injury shall be maintained against any town, city, corporation or borough, unless written notice of such injury and a general description of the same, and of the cause thereof be given to a selectman of the clerk of such town, or to the clerk of such city or borough, or to the secretary or treasurer of such corporation. If the injury has been caused by a railroad company, it, and not the party bound to keep the road in repair, shall be liable therefor."
Kelly argues that the word "corporation" in § 13a-149
refers to municipal corporations and that she does not have to give notice of her injury to Metro North because it is not a municipal corporation. Metro North maintains that the word "corporation" in § 13a-149 does not refer to municipal corporations exclusively, and that Kelly was required to give Metro North notice of her injury.
At oral argument, the Court asked the parties to research the legislative history § 13a-149 and to submit briefs. The parties' briefs agree that the legislative history of §13a-149, as well as the statute itself, do not provide a definition of the word "corporation." Metro North contends that early common law holds that notice to a private corporation is required under the defective highway statute. Kelly cites the case ofDeCapua v. New Haven, 126 Conn. 558, 13 A.2d 581 (1940), in support of her argument that she was not required to give Metro North notice of her injury.
DeCapua v. New Haven, supra, 126 Conn. 558, is not dispositive CT Page 2372 in this instance. In that case, the court ruled that DeCapua could maintain an action against New Haven based on negligence, not § 1420 (an earlier version of § 13a-149). Kelly does not allege that Metro North was negligent.
Connecticut case law suggests that pursuant to the "defective highway" statute, a person injured as a result of a defective condition in a highway or sidewalk must give notice of that person's injury to a private corporation when that corporation is the party responsible for maintaining the highway or sidewalk. See Lavigne v. New Haven, 75 Conn. 693, 700 (1903); Shalley v.Danbury Bethel Horse Railway Co., 64 Comm. 381, 387 (1894);Fields v. Hartford Wethersfield Horse-Railroad Co., 54 Conn. 9,11 (1886).
In Fields v. Hartford Wethersfield Horse-Railroad Co.,
supra, 54 Conn. 9, the plaintiff alleged that he was injured due to a defect in a road. The plaintiff sued the defendant, a horse-railroad company, pursuant to a defective highway statute (a predecessor statute to § 13a-149), but failed to provide notice of the injury to the defendant. The defendant demurred to the complaint on the ground that plaintiff "does not aver that written notice of the injury . . . was given to the defendant as required by law. Id., 9. The court sustained the demurrer, holding that "the giving of such notice is a condition precedent to his right to maintain the action." Id., 11.
In Shalley v. Danbury Bethel Horse Railway Co., supra,64 Conn. 381, and in Lavigne v. New Haven, supra, 75 Conn. 693, the Connecticut Supreme Court revisited the question of whether a plaintiff was required, pursuant to the applicable defective highway statute, to submit written notice to a private corporation. "It would seem that the reasons for requiring the notice prescribed by statute to be given to public corporations, would equally apply to a private corporation when charged with a duty and a liability similar in its nature and origin to that imposed upon towns and other municipalities.":Shalley v. Danbury Bethel Horse Railway Co., supra,64 Conn. 387.
Lavigne v. New Haven, supra, 75 Conn. 693, held that under § 2020 (a predecessor to § 13a-149), "[t]he requirement of a written notice applies to private corporations operating a railroad over or across a highway, because the duty of maintaining in a safe condition for public travel that portion of CT Page 2373 the highway covered by their tracks is imposed upon them by law, and the legislature intended to, and properly may, authorize, as against them, the same statutory action, with the same limitations, as that it authorizes against municipal corporations for neglect of a similar governmental duty. Id., 700. General Statutes § 13a-149, as it exists today, is virtually identical to § 2020 The only notable differences are that the present statute has a two-year statute of limitations and that a party seeking to recover under the statute must submit written notice within ninety days.[3]
Although the earlier cases differ factually from the present case because Kelly's alleged injury occurred from a defect in a railroad platform or sidewalk, and not from "a defect in the railroad track or other structure legally placed upon a highway," Kelly should not be allowed to invoke § 13a-149 without complying with all of its requirements. Kelly is bound to give statutory notice of her injury to a private corporation operating a railroad.
In addition, "in ruling on a motion to strike, the court is limited to the facts alleged in the complaint." Waters v.Autuori, 236 Conn. 820, 825, 676 A.2d 357 (1996). The third count of Kelly's complaint states a cause of action based on 13a-149, but Kelly does not allege that she gave notice of her injury to Metro North. Without this allegation, the § 13a-149 claim is legally insufficient.
To the extent Kelly alleges the Metro North breached its statutory duty pursuant to § 13a-149, Kelly should have given Metro North the required notice. Accordingly, the court grants Metro North's motion to strike the third count of Kelly's complaint.
John W. Moran, J.