GEORGE W. HINCKLEY *vs.* THE CITY OF DANBURY.

Third Judicial District, New Haven, June Term, 1908.
BALDWIN, C. J., HAMERSLEY, HALL, PRENTICE and THAYER, Js.

An action cannot be maintained against a municipality for a defect in a highway, if the culpable negligence of a fellow-traveler with the plaintiff was a proximate cause of his injury.

A motorman on a street-railway car, having found on his outward trip that the running-board of the car had cleared a barrier erected by the city's workmen near an excavation made by them in the street, did not warn the conductor of the car on its return trip of the danger from such barrier, his attention having been attracted at the moment to a team in front with which he was seeking to avoid a possible collision. *Held* that under such circumstances his momentary forgetfulness of the existence of the barrier and failure to give any warning to the conductor, who was on the running-board and was injured, furnished no sufficient ground for an imputation of negligence constituting a proximate cause of the conductor's injury.

Fellow-servants operating a street-railway car owe each other a much less degree of care than that which they are bound to exercise toward their passengers.

It is within the discretion of a trial judge to instruct the jury to ignore evidence which is so weak that a verdict based thereon would be properly set aside by the court.

Submitted on briefs June 11th—decided August 3d, 1908.

ACTION for damages for injury to a street-car conductor through an obstruction on the highway, brought to the Court of Common Pleas in Fairfield County and tried to the jury before *Scott, J.;* verdict and judgment for the plaintiff for $650 damages, and appeal by the defendant. *No error.*

*J. Moss Ives,* for the appellant (defendant).

*John R. Booth* and *Robert S. Alexander,* for the appellee (plaintiff).

BALDWIN, C. J.  Workmen employed by the defendant city, having made an excavation in one of its streets to connect private premises with its water-main and sewer, erected, at the close of the day, a barrier for the protection of travelers, part of which came near a street-railway track. The plaintiff was a conductor on the street car which made the first run past this point the next morning.  As the barrier was approached on this trip, the motorman, thinking it was pretty close to the running-board and might come over it, slowed up; but got by without hitting it.  At this time there were no passengers on the car but the conductor, who, as the motorman knew, was on the rear platform attending to his duties, and he did not speak to him of the incident or give him warning.  On the return trip, as the car approached the barrier, the motorman forgot its existence, his attention being attracted by a team on the other side of the street, which he feared might be driven on the railway track; and did not look at the place of the excavation, nor turn to see if any one was on the running-board, nor give any warning of danger to any one.  The plaintiff, at this time, was on the running-board, and his left leg was broken by coming in contact with the barrier.

These were practically undisputed facts.

The defendant claimed that the proximate cause of the injury was the negligence of the motorman in not giving some warning to those who were or might be on the running-board; but the court charged the jury that no act or omission on his part had been shown which could prevent a recovery, if they found that the plaintiff was struck by the barrier while standing with both feet on the running-board.

It is open to question whether the cause of action stated in the complaint is one upon the statute rendering municipal corporations liable to travelers injured by a defect in a highway.  We shall assume, however, that it is, and

therefore that, if the culpable negligence of one traveling with the plaintiff was a proximate cause of the injury, there is no cause of action. *Bartram* v. *Sharon,* 71 Conn. 686, 43 Atl. 143; *Upton* v. *Windham,* 75 Conn. 288, 291, 53 Atl. 660. We shall assume also (without deciding) that the motorman was, as respects the plaintiff, a fellow-traveler within the meaning of this rule.

The trial court, however, was right in the instructions given. The only facts in proof regarding the acts and omissions of the motorman are those which have been stated. These showed no failure to do his duty. Having exercised due caution in approaching the barrier on the trip out, and having found that the car cleared it, he was not bound, as respects the plaintiff, to keep his eye upon it or upon him on the return trip. It was a patent obstruction, which the conductor, as well as he, had an opportunity to see. As the representative of the street-car company, the motorman owed to every passenger on the car extraordinary care. As to any of them who might be on the running-board, the highest reasonable degree of care, vigilance, and forethought, which was consistent with the mode of conveyance and the practical operation of the road, was due from the company, and this would require that they should be given warning of the possible danger, as they came near the barrier. A duty to give it may have rested upon him, if it were not given by the conductor. But the conductor and motorman were fellow-servants, and owed each other a much less degree of care.

The motorman was not bound to assume that the conductor had not observed or would not observe what was obvious to any one who looked about him. On the contrary, the slowing up of the empty car on its trip out, as it passed the barrier, would naturally have called the conductor's attention to the cause of the delay. The prime duty of the motorman on the trip back was to the passengers. He was right in keeping his eye on the team in

front, so as to avoid a possible collision with it. That in so doing, and by reason of his safely passing the barrier a few minutes before, he forgot for the moment that it existed, and gave no warning to the plaintiff, could furnish no sufficient ground for an imputation of negligence, constituting a proximate cause of the injury to the latter.

When the proof relied on in support of a claim is so weak that, if a verdict were rendered in favor of the claimant, it would be properly set aside by the court, it is within the discretion of the trial judge to instruct the jury to give such evidence no consideration. The case at bar fell within this rule.

There is no error.

In this opinion the other judges concurred.