JOHN J. SULLIVAN, ADMINISTRATOR, *vs.* ROBERT H. NESBIT.

Third Judicial District, Bridgeport, April Term, 1922.
WHEELER, C. J., BEACH, GAGER, CURTIS and BURPEE, Js.

Undoubtedly a witness may on redirect examination explain away apparent inconsistencies between portions of his testimony and statements theretofore made by him, brought out on cross-examination, and for that purpose may show the whole of such former statements in so far as they relate to the same subject-matter; but he cannot repeat former statements touching other independent matters, since this would not be legitimate redirect examination but merely an attempt to corroborate his direct testimony by proof that he had made similar statements to others.

An instruction to the jury that evidence was to be determined by its weight and not by counting the witnesses upon the one side and the other, was accompanied by the remark that "one man's testimony may seem more truthful to you than that of fifty or a hundred others." *Held* that such a statement, made without qualification, and without any warning that their preference for the one witness to the many must be based upon some good reason, was incorrect and prejudicial.

In an action for negligence, the plaintiff is not obliged to prove reckless or wanton conduct upon the part of the defendant, and therefore an instruction which is calculated to carry that impression to the jury is erroneous and harmful to a losing plaintiff.

Sullivan *v.* Nesbit.

A misstatement of fact in charging the jury should be called to the attention of the trial judge at the time, so that the error may be corrected; but if this is not done, it will ordinarily be presumed that the jury, whose duty it is to remember the evidence, were not misled by the inadvertence. Such presumption, however, cannot avail if the misstatement—as in the present case—practically tells the jury how they should decide an issue of fact.

In civil causes it is sufficient if a plaintiff by a fair preponderance of all the evidence makes it appear that his affirmative propositions of fact are more probably true than not; and therefore an instruction that the jury "must feel an abiding sense" of the truth of such propositions, states the rule in a form that may easily induce the belief that something approaching proof beyond a reasonable doubt is required.

Argued April 12th—decided June 3d, 1922.

ACTION to recover damages for negligently causing the death of the plaintiff's intestate, brought to the Superior Court in New Haven County and tried to the jury before *Marvin, J.;* verdict and judgment for the defendant, and appeal by the plaintiff. *Error and new trial ordered.*

The complaint alleged, and the plaintiff's evidence tended to prove, that on July 2d, 1920, a circus parade was about to pass through College Street in New Haven; that both sides of the street were lined with automobiles and with spectators assembled to view the parade; that many of the spectators were passing across the street and stepping into the street to look for its approach, and that under these conditions the defendant's automobile was being driven in a northerly direction along the right-hand side of College Street and just ahead of the parade; that the plaintiff's intestate was standing in the crowd when the cry was raised that the parade was coming, and in the exercise of reasonable care looked out a little in advance of the others to see if it were approaching; that the defendant's car was then being driven at an unreasonable and dangerous rate of speed under the circumstances; that the defend-

ant's chauffeur negligently failed to give any warning of its approach; that he failed to keep a reasonable lookout; that at and before the accident he was negligently looking backward and conversing with a passenger in the body of the car; and that he negligently failed to have the car under such control that he could avoid striking the plaintiff's intestate after he saw, or ought to have seen him.

The defendant, denying all allegations of negligence, claimed, also, that the plaintiff's decedent stepped out suddenly from the crowd and walked directly into the right front fender of the car, without making any effort to see it and without giving the chauffeur any opportunity to avoid him. The jury found for the defendant, and the plaintiff appeals for alleged errors in the charge and in one ruling on evidence.

*Charles S. Hamilton,* for the appellant (plaintiff).

*William B. Ely,* for the appellee (defendant).

Beach, J. Taking, first, the ruling on evidence. The defendant's witness Alice E. Williams had testified on her direct examination as to the conditions at and before the collision. On cross-examination an effort was made to discredit her testimony as to the speed of the defendant's car, the sounding of a horn, the turning of the chauffeur's head to speak to a passenger in the rear of the car, and the time when the brakes were applied, by reference to alleged inconsistent statements made by the witness at the coroner's inquest. On the redirect she was asked whether she remembered testifying before the coroner that she saw the decedent just before he was struck "and saw him as he stepped right out in front of the car." The question was objected to, admitted, and, after exception taken, the witness answered "yes."

We are of opinion that the ruling of the court was erroneous. The right of a witness to explain away an apparent inconsistency in a former statement by showing the whole of the former statement, is undoubted. Wigmore on Evidence, §§ 1044, 1045, 2114, 2115; *Barnum* v. *Barnum,* 9 Conn. 242, 247; *Clark* v. *Smith,* 10 Conn. 1, 5; *Bristol* v. *Warner,* 19 Conn. 7, 19. The question in every case is whether the explanatory statement does or does not relate to the same subject-matter. If not, it is evidently not admissible on the ground above stated. Here the claimed inconsistent statements brought out on cross-examination related in each instance to some specific act or omission connected with the alleged negligent management of the defendant's car just before the decedent was struck. The additional statement called for on the redirect had nothing to do with the management of the defendant's car. It was a part of the entire statement made by the witness before the coroner, but it did not tend to qualify or explain those portions of the entire statement which had been drawn out on the cross-examination. It related to the independent fact of the conduct of the decedent himself and to the independent issue of contributory negligence. In no sense was it redirect-examination. It could serve no purpose other than to corroborate a fact testified to on the direct examination, by showing that the witness had made a similar statement before the coroner.

We refer briefly to those assignments of error in charging the jury which seem to require comment. After very properly reminding the jury that the preponderance of evidence was not to be determined solely by counting the witnesses on one side or the other, the court said: "One man's testimony may seem more truthful to you than that of fifty or a hundred others." This statement, made without qualification, would leave the jury at liberty to infer that they might

disregard the testimony of a cloud of witnesses without any good reason for doing so. The jury may disbelieve any number of witnesses for interest, bias, demeanor on the witness stand, imperfect observation of the transaction, inaccuracy of memory or statements, or any other recognized cause for refusing credence to human testimony; but it is not correct to tell them that they may prefer one witness to many without a warning that they must be able to assign some good reason for that preference.

In charging the jury as to the effect of the statutory rules of the road the court said, among other things: "The law states that no person shall operate a motor vehicle in the public highways of this State recklessly; and recklessly, I think for practical purposes, may be defined as a careless disregard of the rights of others. Did he wantonly operate it without care, whether he ran into anybody else or not? Whether he did injury or not? Was he wantonly careless in this matter? If you find that he was, that furnishes an adequate basis for a finding of negligence on his part." This is not an adequate statement of the legal effect of wanton negligence as distinguished from the want of reasonable care, if this had been an issue in the case. Neither the complaint nor the evidence justified a submission of the issue of wanton negligence to the jury. But what was said might lead the jury to suppose that wanton carelessness was a prerequisite to a finding of negligence, when in law negligence and wantonness are far removed from each other.

In another part of the charge the court said: "No claim has been made here that the driver of the automobile did or could have seen the man, so that takes one aspect of the case out, one aspect out of your consideration." It appears from the finding that the plaintiff did make such a claim and this statement was a

mistake. It must have been apparent to counsel during the charge that the statement was made by mistake. In such cases the attention of the court should be called at the time to the error so as to have it corrected, and when that is not done it will ordinarily be presumed that the jury, whose duty it is to remember the testimony, are not misled by an inadvertence of the court in summing up the testimony. In this instance, however, the legal difficulty is that the court, by inadvertence, practically told the jury how to decide a disputed issue of fact, and thus, unintentionally, exceeded its statutory power of comment on the evidence.

After correctly charging the jury that if from all the surrounding circumstances and the testimony, they found that the decedent exercised such reasonable care as a person of ordinary prudence would have exercised under like circumstances, they should find that he was free from contributory negligence, the court further instructed the jury on this point as follows: "Now, I say that the plaintiff has got to prove that by the preponderance of proof to your satisfaction, and you must feel an abiding sense that his conduct did not contribute to the injury." This was erroneous. It is enough in civil causes that the plaintiff should make it appear by a fair preponderance of all the evidence that his affirmative propositions of fact are more probably true than not; and to say that a jury must feel an abiding sense that his propositions of fact are true, states the rule in a form which may easily be supposed to require something approaching proof beyond a reasonable doubt.

There is error and a new trial is ordered.

In this opinion the other judges concurred, except GAGER, J., who concurred in the result, but died before the opinion was written.