BESSIE TUCKEL *vs.* THE CITY OF HARTFORD.

MALTBIE, C. J., HAINES, HINMAN, BANKS AND AVERY, JS.

Argued March 7th—decided April 6th, 1934.

*Jacob Schwolsky,* for the appellant (plaintiff).

*Dennis P. O'Connor,* for the appellee (defendant).

HAINES, J. In the late afternoon of December 19th, 1932, the plaintiff slipped and fell upon the sidewalk on the south side of Westbourne Parkway in the city of Hartford, in front of the house known as No. 140, causing her serious injuries. She alleged that the fall was caused by the defective condition of the sidewalk which was covered with ice at that point. Appealing from a judgment for the defendant, she claims the trial court erred in its refusal to incorporate in the finding at least thirty-five paragraphs of her draft-finding, and in support of this, offers various transcripts of evidence. These paragraphs relate chiefly to observations of her witnesses as to the condition of the walk on the day of the fall and during the preceding week. The finding in a jury case is not a determination of facts as such, but only a statement in narrative form of the evidence which the party offered, and his claims of proof, made to enable him to present to this court the claimed errors in the charge and rulings of the trial court. *Peterson* v. *Meehan,* 116 Conn. 150, 153, 154, 163 Atl. 757. While such finding need not be complete in every detail, it should be sufficiently so, that the claimed errors in the charge and rulings may be fully presented. *Welz* v. *Manzillo,* 113 Conn. 674, 677, 155 Atl. 841. We have said "a trial court is rarely justified in failing to find facts which have been proven and which a party asks to have incorporated in the finding merely because it deems them immaterial. *State* v. *Pisano,* 107 Conn.

630, 631, 141 Atl. 660. Counsel may regard them as material to the claims of law they desire to present to this court and a failure to find them often results in unnecessary applications to this court for corrections of the finding." *Bridgeport Airport, Inc.* v. *Title Guaranty & Trust Co.*, 111 Conn. 537, 543, 150 Atl. 509. While this was said of court cases, the same reasoning also applies to a jury case like the present. To properly consider the various exceptions taken to the charge, we find it necessary in several instances to add to the finding paragraphs from the draft-finding. Errors are also claimed in the finding as made, and are supported by certified evidence. We shall refer to such changes in the finding as may be necessary in considering the specific claims concerning the charge.

We observe that in arguing the numerous exceptions to the charge, the briefs of both parties erroneously refer to the transcripts of evidence to support their claims. As we have had frequent occasion to point out, the validity of a charge must be tested by the finding and by that alone.

The first exception is to the following comment upon the plaintiff's personal testimony: "Consider her testimony with care. She testifies, in substance, 'I was walking on the street and fell. It was slippery and then I fell.' There is no statement made by the plaintiff that she fell on any particular strip or patch of ice so far as I remember, but when I quote or refer to evidence you will rely upon your own memory and not upon my memory as to the evidence or statements of facts. In one part of her testimony she states that it was slippery. Again she says, 'I looked at the sidewalk and saw no ice.' Again she says, 'I fell on snow covered with ice.' In her complaint she says: 'The sidewalk on which [the plaintiff] fell was part of the highway known as Westbourne Parkway and said de-

fective condition was brought about by having ice covering the same.' She testified she fell near a tree. There are several trees near that sidewalk. Bearing in mind that the plaintiff can only recover a verdict resting upon the allegations of her complaint, you must determine whether she has proved by a fair preponderance of the evidence that the highway was in a defective condition brought about by having ice covering the same." The criticism of this statement is that it is argumentative and unduly favorable to the defendant, and that this is emphasized by the further charge: "The burden is upon the plaintiff to prove by a fair preponderance of the evidence that she fell by reason of the defect in the highway set forth in her complaint. Has she done this? If she slipped on snow or fell by reason of a defect in the highway not set forth in the complaint, your verdict must be in favor of the defendant." Reference to the amended finding shows no evidence of any other defect than that of the ice upon which she fell. She testified that she fell on the ice which was near the tree in front of No. 140, and that as she lay on the walk she noticed her feet near that tree. The location of this ice near this particular tree was supported also by the testimony of other witnesses, as shown by paragraphs of the draft-finding which we add to the finding. We cannot avoid concurrence with the appellant's criticism of this portion of the charge, and her claim that it was likely to be misleading even though the jury were told it was their duty to recall the evidence. *Sullivan* v. *Nesbit,* 97 Conn. 474, 479, 117 Atl. 502.

The jury were further told that "the plaintiff had the legal right to use the sidewalk in question, but it was her duty to use reasonable care in such use to save herself from harm. It was her duty to use her eyes, her judgment, all of her senses, to save herself

from harm." This last sentence clearly indicated to the jury that reasonable care required the plaintiff to use every possible means which her judgment and all of her senses could furnish her, to protect herself from harm in the use of the sidewalk. This imposed a duty upon her in excess of the legal requirement of reasonable care. One in such a situation is not required by law to act as a person of absolute prudence, but only as a reasonably prudent person would act. "He is not necessarily required to use good judgment or to make good use of his senses; he is required to use such intelligence, understanding, judgment and care as the reasonably prudent person would use under like circumstances." *Ezzo* v. *Geremiah*, 107 Conn. 670, 676, 142 Atl. 461.

Again referring to the plaintiff, the charge continued: "Just as the city was on December 19th, 1932, bound in the reasonable care of its highways to recognize the presence of snow and ice, so the plaintiff, when she walked out upon this sidewalk on that day, was legally bound to know the general condition of the weather, bound to know that it had snowed in the near past, bound to know ordinary physical facts, that with varying temperatures snow is liable to melt to water and that water upon the fall of the temperature below 32 degrees Fahrenheit becomes ice. I say she must be held to have known these facts and she was legally bound to act as would a reasonably prudent woman under the circumstances that confronted her." The law did not necessarily impose upon the plaintiff, when she walked out onto this sidewalk, the duty of knowing the conditions confronting her save as they were cognizable by the exercise of the care of a reasonably prudent person. She had a right to assume, until the contrary was evident or reasonably should have been evident to her, that the city main-

tained this walk in reasonably safe condition for the ordinary use of a pedestrian.

Error is charged in the comment upon the testimony of one of the plaintiff's witnesses, Anna Krechevsky: "She testifies that there were two slides of ice on the sidewalk that had been used by children for sliding. She tells varying stories as to just where the plaintiff fell. At one time in her testimony she said: 'She might have fallen in front of any one of six trees. I don't know just where she fell or at just what slide.' And then she gives her recollection, her opinion, as to where the plaintiff fell." The appellant's contention, that this method of bringing her claims of proof to the attention of the jury is defective and also argumentative, is not without force. The finding as corrected by us shows that this witness and five others gave specific testimony from which the plaintiff could reasonably claim to have proved the location of this particular spot of ice. The emphasis laid upon certain aspects of the plaintiff's evidence, without any reference to any favorable aspects of her other evidence, tended to discredit all her evidence. We have added to the finding of facts claimed to have been proved by the plaintiff the following from the draft-finding: "When Anna Krechevsky had proceeded along this sidewalk at one o'clock on that day, she noticed the icy condition of the walk at this point, and walked around it. The point at which she stood in her effort to raise the plaintiff, she observed, and was near the tree in front of 140-142 Westbourne Parkway. . . . She felt the ice where the plaintiff was sitting after she had fallen."

One of the plaintiff's witnesses testified that she used this sidewalk every day from December 12th to the 19th, the day the plaintiff fell, and that it was icy during all that time. She was asked, "Did you

know the condition of the walk in front of No. 140 Westbourne Parkway?" and replied, "Yes, I did, because I fell there" on the 13th. No objection was made by the defendant, but the court interposed and ordered the evidence stricken out, saying it was obvious that conditions on the 13th were not and could not have been the same as on the day the plaintiff fell. As the matter stood when the question was asked, the evidence of the fall on the 13th was inadmissible, and it was properly excluded. *Antel* v. *Poli*, 100 Conn. 64, 76, 123 Atl. 272; *Tager* v. *Sullivan*, 113 Conn. 417, 419, 155 Atl. 704. However, had the plaintiff first established a similarity of conditions on the 13th and the 19th, the evidence would have been admissible. *Aaronson* v. *New Haven*, 94 Conn. 690, 693, 110 Atl. 872; *Cunningham* v. *Fair Haven & Westville R. Co.*, 72 Conn. 244, 249, 43 Atl. 1074; *House* v. *Metcalf*, 27 Conn. 636. The court in making these rulings stated, "I won't take any evidence of any other accidents." If by this was meant that under no circumstances would such evidence be received, the ruling was clearly erroneous, for it would deny the plaintiff her right to present this line of evidence by proper preliminary proof of similarity of conditions. *Tager* v. *Sullivan*, *supra*, p. 419. Whether this was the fair purport of the statement of the court, we need not consider, since the case is remanded on other grounds.

There is error and a new trial is ordered.

In this opinion the other judges concurred.