BERTHA C. LADD ET AL. v. RHODA L. BURDGE, EXECUTRIX (ESTATE OF JOHN W. LADD).

MALTBIE, C. J., BROWN, JENNINGS, ELLS and DICKENSON, Js.

Argued June 7—decided July 18, 1945.

*Alexander Winnick,* for the appellants (plaintiffs).

*T. Holmes Bracken,* with whom was *Lewis J. Somers,* for the appellee (defendant).

ELLS, J. This is an appeal from a decree admitting to probate a will made by John W. Ladd in which he left $500 to his son Samuel and the residue of his estate to his daughter Rhoda. In a previous will he had devised a house in Philadelphia valued at $2000 to Samuel's wife and son. They contested the later will, claiming lack of testamentary capacity and the exercise of undue influence. The jury returned a verdict sustaining the will, and the plaintiffs have appealed.

The assignments of error relate only to the charge of the trial court, and their purport is that in specified instances the court erred in improperly commenting upon the evidence and in making an argumentative presentation of the defendant's claims.

We are not bound to consider error as to the giving of, or the failure to give, an instruction unless the matter is covered by a written request to charge or is objected to by the party appealing immediately after the charge is delivered. Oral objection must state distinctly the matter objected to and the ground of the objection. Practice Book, § 156. The plaintiffs made no request to charge, and their oral objections do not state distinctly the matters objected to in so far as they relate to the issue of testamentary capacity. We consider the claims of error as they relate to the issue of undue influence. The defendant in her brief does

not dispute the fact that the plaintiffs' claims as to this issue were fairly raised by their objections.

A comprehensive statement of our conception of the function of a trial judge in charging the jury will be found in *Heslin* v. *Malone,* 116 Conn. 471, 477, 478, 165 Atl. 594. He has a wide discretion in the exercise of that function. It is not only his right but often his duty to comment upon the evidence. It is no objection to such comments that they will tend to "uncover the weakness of a weak case, the difficulties of a difficult case, or the strength of a strong case." *State* v. *Marx,* 78 Conn. 18, 28, 60 Atl. 690. However, he must leave the jury free to arrive at its own decision upon any issue of fact unless, indeed, only one conclusion is reasonably possible; he should be careful not to misstate facts or evidence; and the comment should be reasonable and fair. Except for these limitations, the matter is one which rests in his discretion, and error can be found only where that discretion has been abused.

In one of the paragraphs of the charge which is specifically assigned as error, the court stated that "the only testimony" the jury had before them as to undue influence concerned the circumstances immediately attached to the execution of the will. This assertion tended to eliminate from the jury's consideration many of the material claims of proof made by the plaintiffs, such as the often expressed desire of the testator that the Philadelphia property should go to the plaintiffs, and the earlier will to that effect; the fact that the testator was eighty-four years old and in his last extremity when he made the second will, and that he died within eight hours thereafter; his dependence upon and subjection to the control of his daughter, who is claimed to have influenced him, and her opportunity to wield such an influence; and that the testator

paid the taxes on the Philadelphia property and then, as was claimed, ceased to do so at his daughter's solicitation. Our law as to the nature of the evidence which tends to show undue influence is well settled. See *Saunders' Appeal*, 54 Conn. 108, 116, 6 Atl. 193; *Dale's Appeal*, 57 Conn. 127, 143, 17 Atl. 757; *Hobbes' Appeal*, 73 Conn. 462, 47 Atl. 678; Cleaveland, Hewitt & Clark, Probate Law & Practice, p. 431. The court's statement in the present case was erroneous and constituted prejudicial error.

The charge contains an argumentative presentation of the claims of the defendant, and is well within the prohibition of *Bundy* v. *Capital National Bank & Trust Co.*, 124 Conn. 309, 314, 199 Atl. 561, and *Tuckel* v. *Hartford*, 118 Conn. 334, 337, 172 Atl. 222. The fact that the jury were told that it was their duty to recall the evidence will not save such a charge. *Tuckel* v. *Hartford*, supra. In several of the passages complained of, the court stated the issue in the form of a question and then, in effect, told the jury that they should decide it in accordance with the defendant's claims. It practically told the jury how to decide disputed issues of fact and thus exceeded its power of comment on the evidence. See *Sullivan* v. *Nesbit*, 97 Conn. 474, 479, 117 Atl. 502.

The record shows that the plaintiffs presented a weak case. The court, however, exceeded the limitations of the rule stated in *Heslin* v. *Malone*, supra. In *Hinckley* v. *Danbury*, 81 Conn. 241, 244, 70 Atl. 590, we said that, when the proof relied on in support of a claim is so weak that, if a verdict were rendered in favor of the claimant, it would be properly set aside by the court, it is within the discretion of the trial judge to instruct the jury to give the evidence no consideration. In the present case, the facts the plaintiffs

claimed to have proved were sufficient to take the issue of undue influence to the jury for decision.

There is error, the judgment is set aside and a new trial is ordered.

In this opinion the other judges concurred.