The defendant appeals from a judgment of the court on a finding of guilty of the charge of selling liquor without a license in violation of § 30-77 of the General Statutes and assigns as error the failure of the court to apprise him of the seriousness of the crime charged against him and further in failing to apprise him of his constitutional right to have counsel represent him. He *Page 128 
also claims that the court erred in failing to apprise him that his wife need not take the stand to testify against him, and claims several objections to the admissibility of certain evidence.
The defendant filed a "Brief" which amounts to a recitation of the facts as he claims them to be and general statements which purport to be the law on the case. No authorities were cited. At the hearing, the question arose as to whether or not the defendant at the time of his arraignment was asked if he wished counsel. Neither counsel for the accused nor counsel for the state had obtained a copy of the reporter's notes at the arraignment of the accused, and it was agreed between counsel that these notes would be furnished to this court.
The reporter's notes disclose that on July 3, 1961, the accused was arraigned before Kosicki, J.,
pleaded not guilty to the charge, and asked for a continuance. The record reveals the following: "The court: Are you planning to have an attorney handle your case? The defendant: I don't know, sir. I got to get me some money. The court: What's the reason for the continuance? Mr. Silvester [prosecuting attorney]: I think, your Honor, what he said was he wants to get some money. The court: What's the suggested date? Mr. Silvester: July 18."
On July 18, the accused appeared beforeLacey, J., where he again pleaded not guilty to the charge and the following conversation took place: "The court: How do you elect to be tried, Mr. Jones, by the court or by a jury? Let me ask you this: Do you propose to get a lawyer to defend you? The defendant: Well, no, sir. The court: You say you are not guilty. How do you elect to be tried, by the court or by the jury? The defendant: Well, the court — the judge, your Honor." *Page 129 
The facts are therefore clear that the defendant was twice asked by the court if he wished an attorney to defend him. The defendant was well aware of the seriousness of the crime of which he was charged, because the transcript of the evidence discloses that he had "a long record here of convictions on charges regarding the keeping and selling of liquor without a permit."
The defendant called his wife to testify for him and now complains that she did that very thing when she stated that she did not give (or sell) any wine to the complaining witness. This complaint avails him nothing.
The other assignments of error concerned the admissibility of hearsay evidence and leading questions. "Whether the trial judge shall permit the asking of leading questions is within his discretion, and his rulings thereon will stand unless it appears that his discretion has been abused by permitting so many questions of this character as to make it clear that prejudice has resulted from their admission."Wright v. Blakeslee, 102 Conn. 162, 168.
There was no abuse of discretion on the part of the court either in allowing some questions which were leading or in allowing evidence which might be classified as hearsay since there was a wealth of other evidence to warrant the court's conclusion that the defendant was guilty of the crime charged beyond a reasonable doubt.
 There is no error.
In this opinion O'CONNOR and REINHARD, Js., concurred.