## Tammy Marie Ann Melanson *v.* William Rogers

### Appellate Session of the Superior Court

File No. 1090

Argued February 23 – decided September 3, 1982

*Herbert Watstein,* with whom, on the brief, was *Julius Watstein,* for the appellant (defendant).

*Robert T. Morrin,* assistant attorney general, for the appellee (plaintiff).

DALY, J. The plaintiff brought this paternity action, in which the State of Connecticut intervened after trial as an interested party, against the defendant on August 8, 1978. The suit alleged that the defendant was the father of twins born to the plaintiff on November 24, 1977. After a trial on the merits, the jury found the defendant to be the father of the children. The defendant's motion to set aside the verdict was denied and, thereafter, the court ordered the defendant to pay to the plaintiff the sum of $40 per week for future child support and $5 per week accrued maintenance and support, together with attorney's fees.

In this appeal, the defendant contends that the trial court erred in the following respects: (1) denying his motion for a mistrial for the plaintiff's failure to bring in her children as ordered by the court; (2) denying his motion for a mistrial after the plaintiff's counsel inquired if the State of Connecticut was the motivating force in her bringing the suit; (3) denying his motion for a mistrial after the plaintiff's counsel asked her if David Libby would come into court and lie for the defendant; (4) permitting the plaintiff's counsel to ask leading questions of witnesses; (5) allowing testimony of the defendant's former wife as to his residence after his release from Connecticut Valley Hospital; (6) instructing the jury that there was no legal requirement that the plaintiff bring her children into court; (7) commenting in its instructions on the children's baptismal certificates; (8) taking judicial notice of the gestation period; (9) instructing the jury that if it found that David Libby had intercourse with the plaintiff, it would have to deliberate further as to whether he made the plaintiff pregnant; (10) instructing the jury to disregard the State of Connecticut's role in the proceedings; and (11) instructing the jury concerning the accusations made by the plaintiff that the defendant was the father.

The jury could readily have found the following facts: The defendant was a patient in the Connecticut Valley Hospital (hereinafter CVH) from February 11, 1977, to February 18, 1977. During this period, the plaintiff was engaging in sexual relations with one David Libby. After the defendant's release from CVH, he had sexual relations with the plaintiff on February 20, 1977 and regularly thereafter. The plaintiff missed her menstrual period for the month of March, 1977, and gave birth to the children on November 24, 1977. The children's baptismal certificates did not list the name of the father. When the court adjourned on December 3, 1980, it ordered the plaintiff to bring her children to court the following day. She failed to do so, however, claiming that they were ill and unable to leave their home.

The defendant avers that the trial court erred in denying his motion for a mistrial for the failure of the plaintiff to bring in her children as ordered by the court. We do not agree. "The general principle is that a mistrial should be granted only as a result of some occurrence upon the trial of such a character that it is apparent to the court that because of it a party cannot have a fair trial and the whole proceedings are vitiated." *Ferino* v. *Palmer,* 133 Conn. 463, 466, 52 A.2d 433 (1947).

While it is true that the child whose paternity is in dispute may be exhibited to show a resemblance between that child and the alleged father; *Shailer* v. *Bullock,* 78 Conn. 65, 66, 61 A. 65 (1905); *Holmes* v. *McLean,* 5 Conn. Cir. Ct. 476, 481, 256 A.2d 849 (1969); there is no requirement that the child be brought in to show the lack of any such resemblance.

In his brief, the defendant cites several cases for the proposition that exhibition of the child before the jury may be of controlling importance. See, e.g., *Higley* v. *Bostick,* 79 Conn. 97, 99, 63 A. 786 (1906); *Holmes* v. *McLean, supra.* None of the cases cited, however,

support his claim that the failure of the plaintiff to bring her children into court is grounds for a mistrial. In passing on motions for mistrial, the court has wide discretion. *Bansak* v. *Pawelczyk,* 173 Conn. 520, 522, 378 A.2d 569 (1977). A reasonable inference could be drawn that the trial judge had tacitly withdrawn his order or was satisfied with the plaintiff's reasons for failing to comply with the order. Moreover, the defendant introduced into evidence two photographs of the twins taken when they were one year old. Thus, we are unable to see how the plaintiff's failure to parade her children before the jury constituted the basis for a mistrial.

The defendant's next claim is that the court erred in denying his motion for a mistrial after the plaintiff's counsel inquired on redirect examination if the state had prompted her to bring the suit. As we have already stated, the trial court has broad discretion in passing on motions for mistrial and they should only be granted where it is apparent that the defendant will be denied a fair trial. *Ferino* v. *Palmer,* supra.

While it appears that this was an improper question in view of the fact that the State of Connecticut was not, at the time of trial, a party to the action, we feel that the judge cured any impropriety by instructing the jury not to consider the role of the state. Moreover, he did so both immediately after the question was asked and in his charge to the jury. Thus the potential for prejudice to the defendant was averted. See *Bansak* v. *Pawelczyk,* supra, 522-23.

The next argument put forth by the defendant is that the trial court erred in denying his motion for a mistrial after the plaintiff's counsel asked her if it was her opinion that David Libby would lie for the defendant. This argument fails for the reason that the court sustained the defendant's objection and the question was never answered by the witness. The judge did not permit the witness to answer the question. Thus, we are unable to perceive how the defendant was prejudiced in any way to support a mistrial.

The defendant also contends that the court improperly allowed counsel for the plaintiff to ask leading questions of witnesses on direct and redirect examination.[1] "Whether the trial judge shall permit the asking of leading questions is within his discretion, and his rulings thereon will stand unless it appears that his discretion has been abused by permitting so many questions of this character as to make it clear that prejudice has resulted from their admission." *Wright* v. *Blakeslee,* 102 Conn. 162, 168, 128 A. 113 (1925); see *Cichy* v. *Kostyk,* 143 Conn. 688, 697, 125 A.2d 483 (1956); *State* v. *Jones,* 23 Conn. Sup. 127, 129, 177 A.2d 477 (1961).

A review of the transcript shows that in each case the questions concerned matters about which the witness was presently testifying and were in the nature of reiterations of the testimony. Thus, the questions did not so suggest the desired answer as "to supply a false memory for the witness . . . ." 3 Wigmore, Evidence (Chadbourn Rev. 1972) § 769, p. 154. Accordingly, we find no abuse of discretion by the trial judge in allowing the questions.

The defendant next avers that the court erred in admitting testimony by the defendant's former wife

---

[1] The questions complained of are the following:
(1) To the plaintiff:
"Q. Is there any doubt in your mind as to who the father of your children is?"
"Q. And did you engage in sexual intercourse with the defendant?"
(2) To the defendant's sister:
"Q. And you wrote this note based on a conversation that you had had with your brother?"
(3) To the plaintiff's mother:
"Q. Has she [the plaintiff] consistently maintained that the defendant is the father of the children?"

In his brief, the defendant refers to one other question which he claims was leading, however, his objection at the time of trial was based on other grounds, thus we do not consider it here. See *Fico* v. *Liquor Control Commission,* 168 Conn. 74, 77–78, 358 A.2d 353 (1975).

regarding his residence after his release from CVH.[2] The basis for this claim is that the testimony was based on hearsay.

While it appears that this evidence was erroneously admitted; see Holden & Daly, Connecticut Evidence § 93 (d) pp. 417–18; a review of the transcript shows that the defendant himself testified that he lived with the plaintiff subsequent to his release from the hospital. Where the facts contained in testimony admitted into evidence by an erroneous ruling are established by other evidence, the ruling is harmless and does not constitute reversible error. *DeCarufel* v. *Colonial Trust Co.*, 143 Conn. 18, 21, 118 A.2d 798 (1955); see *Sondik* v. *Beth El Temple of West Hartford, Inc.*, 152 Conn. 712, 714, 207 A.2d 583 (1965). The ultimate question in such a situation is whether the erroneous ruling of the court would have been likely to affect the result. The appellant has the burden of establishing that there has been an erroneous ruling which was probably harmful to him. *Anonymous* v. *Norton,* 168 Conn. 421, 429–30, 362 A.2d 532, cert. denied, 423 U.S. 935, 96 S. Ct. 294, 46 L. Ed. 2d 268 (1975). *Mei* v. *Alterman Transport Lines, Inc.*, 159 Conn. 307, 316, 268 A.2d 639 (1970).

We find that the defendant has not met his burden of showing that he was harmed by the introduction of this testimony into evidence.

The next claim of error by the defendant is that the court improperly instructed the jury that there was no legal requirement that the plaintiff bring her children into court. As we have already stated, there is no such requirement. Thus the court's charge to that effect was proper.

---

[2] The objectionable sequence of questions was as follows:

"Q. Do you know who he was living with?

A. Yes.

Q. Whom?

A. Tammy.

Q. And how did you know that?

A. Well, some of my friends had told me."

The defendant also asserts that the court erroneously commented on the children's baptismal certificates in its charge. The judge stated that he did not know whether the church which issued the certificates required the father's permission before it could put his name thereon. In charging the jury, the trial judge has broad discretion. *Ladd* v. *Burdge,* 132 Conn. 296, 298, 43 A.2d 752 (1945). "It is not only his right but often his duty to comment upon the evidence. It is no objection to such comments that they will tend to 'uncover the weakness of a weak case, the difficulties of a difficult case, or the strength of a strong case.' *State* v. *Marx,* 78 Conn. 18, 28, 60 Atl. 690 [1905]. However, he must leave the jury free to arrive at its own decision upon any issue of fact unless, indeed, only one conclusion is reasonably possible; he should be careful not to misstate facts or evidence; and the comment should be reasonable and fair. Except for these limitations, the matter is one which rests in his discretion, and error can be found only where that discretion has been abused." *Ladd* v. *Burdge,* supra. In the present case, the judge's comment did not misstate the facts or the evidence nor was it unfair or unreasonable. Accordingly, we find no abuse of discretion here.

The next claim of error raised by the defendant is that the court improperly took judicial notice that the normal period of gestation is nine months. Courts may take judicial notice of "matters which come to the knowledge of men generally in the course of the ordinary experience of life, and are therefore in the mind of the trier, or . . . matters which are generally accepted by mankind as true and are capable of ready and unquestionable demonstration." *Roden* v. *Connecticut Co.,* 113 Conn. 408, 415, 155 A. 721 (1931); Holden & Daly, Connecticut Evidence § 33, p. 52. It is clear that the human gestation period fits

within either of these categories.[3] For this reason, we find that the court did not err in taking judicial notice of the normal period of gestation.

The defendant next avers that the court erred in charging the jury that if it found that the plaintiff had sexual intercourse with David Libby, it would have to deliberate further as to whether as a result thereof the plaintiff became pregnant. The gravamen of this claim is that this instruction placed the burden of proving the identity of the real father on the defendant. We do not agree.

A review of the trial judge's charge reveals that he correctly instructed the jury that the plaintiff has the burden of proving that the defendant is the father. Moreover, there is nothing in the charge which would indicate that the defendant had the burden of proving David Libby or anyone else was the real father. Thus, the instruction was not improper.

The next claim by the defendant is that the court erred in instructing the jury to disregard the role of the state in the proceedings. This claim has no merit. As we have already stated, the charge was curative and inured to the defendant's benefit. Thus, if there was any error, it was harmless.

Finally, the defendant argues that the court erroneously instructed that the jury may consider as corroborative evidence the constancy of accusation by the plaintiff that the defendant fathered her children. This is a proper instruction. *Armstrong* v. *Watrous,* 138 Conn. 127, 129, 82 A.2d 800 (1951); *Terrasi* v.

---

[3] Decisions of other jurisdictions have held that the ordinary period of gestation is a proper subject for judicial notice. See, e.g., *Smith* v. *Wise,* 234 So. 2d 145 (Fla. Dist. Ct. App. 1970); *Steed* v. *State,* 80 Ga. App. 360, 56 S.E.2d 171 (1949); *State ex rel. Brown* v. *Middleton,* 259 Iowa 1140, 147 N.W.2d 40 (1966); *In re Walton's Estate,* 183 Kan. 238, 326 P.2d 264 (1958); *Silke* v. *Silke,* 325 Mass. 487, 91 N.E.2d 200 (1950); *Suzanne J.* v. *Russell K.,* 46 App. Div. 2d 935, 362 N.Y.S.2d 37 (1974); *Crawford* v. *Hasberry,* 21 Ohio Op. 2d 350, 186 N.E.2d 522 (1962).

*Andrews,* 3 Conn. Cir. Ct. 449, 454, 217 A.2d 75 (1965). Accordingly, we find that the charge was correct.

There is no error.

In this opinion BIELUCH and COVELLO, Js., concurred.