## STATE OF CONNECTICUT *v.* EDWIN ORTIZ

APPELLATE SESSION OF THE SUPERIOR COURT

FILE NO. 1164

Argued October 19—decided December 10, 1982

*Jeffrey R. Van Kirk,* for the appellant (defendant).

*E. Curtissa Cofield,* deputy assistant state's attorney, for the appellee (state).

PER CURIAM. This is an appeal by the defendant from his convictions on charges of larceny in the second degree in violation of General Statutes § 53a-123 and reckless driving in violation of General Statutes § 14-222. The jury might reasonably have found the following facts: At 10:22 p.m. on February 7, 1981, Officer Joseph Marrero of the Hartford police department was proceeding westerly on Park Street in Hartford through the intersection of Oak Street, a one-way street for north bound traffic. Suddenly a vehicle came down Oak Street in the wrong direction and crashed into Marrero's vehicle leaving them side by side. Marrero was able to observe the driver of the vehicle and later identified him as the defendant. Marrero attempted to force the vehicle over to the curb. The defendant, however, drove up on the sidewalk and eluded him. A high speed chase ensued. While in pursuit, the officer radioed in a description of the vehicle and its registration number. The defendant proceeded down Park Street, turned right onto Broad Street and drove up the entrance ramp to route I-84. At this time other police vehicles joined in the

pursuit. One officer observed the vehicle take the Sission Avenue exit off the highway. Another observed two individuals run into a building located at 145 Sisson Avenue and radioed this information to the other officers. Marrero immediately drove to this address and as he arrived two individuals were being brought out of the building, one of whom Marrero identified as the driver of the vehicle that struck his, the defendant. Subsequently, it was learned that the vehicle driven by the defendant had been stolen earlier that day. The defendant was charged with larceny in the second degree and reckless driving, and elected a jury trial. He was convicted on both counts.

In this appeal the defendant raises three claims of error. The defendant contends that the court erred in denying his motion for a mistrial after the assistant state's attorney asked a defense witness: "Then Attorney Van Kirk [counsel for the defendant] was lying when he told the Court that you were expected at 3:30 yesterday?" The gravamen of this claim is that this question impugned the character of the defendant's attorney and thereby deprived the defendant of a fair trial.

While we do not condone the conduct of the prosecutor in asking this question, we do not find error in the denial of the motion for a mistrial. In passing on such motions the court has wide discretion. *Bansak* v. *Pawelczyk,* 173 Conn. 520, 522, 378 A.2d 569 (1977). "The general principle is that a mistrial should be granted only as a result of some occurrence upon the trial of such a character that it is apparent to the court that because of it a party cannot have a fair trial and the whole proceedings are vitiated." *Ferino* v. *Palmer,* 133 Conn. 463, 466, 52 A.2d 433 (1947); *Melanson* v. *Rogers,* 38 Conn. Sup. 484, 486, 451 A.2d 825 (1982). Here, any impropriety was cured by a cautionary instruction given by the trial judge to the jury immediately after the question was asked. We

conclude, therefore, that under all the circumstances, the judge did not abuse her discretion in denying the motion.

The next claim of error asserted by the defendant is that the trial court improperly "intimated by its comments that the defendant was unworthy of belief" and thereby deprived him of his right to a fair trial. We find no merit in this claim.

The defendant testified that at the time of the incident he was visiting his girlfriend at 145 Sisson Avenue but that he lived at 22 Preston Street. On cross-examination, he was asked if he was living with his girlfriend, at which point counsel for the defendant stated, without first objecting, that he never testified he lived there. The court then stated "[t]hat is not the address he gave when he first got on the stand." The statement merely clarified the witness' testimony. It is not only the right but often the duty of the trial judge to comment upon evidence. It is no objection to such comments that they will tend to uncover the weakness of a weak case, the difficulties of a difficult case, or the strength of a strong case. See *State* v. *Echols,* 170 Conn. 11, 14, 364 A.2d 225 (1975); *Ladd* v. *Burdge,* 132 Conn. 296, 298, 43 A.2d 752 (1945). We find that the statement by the court, in the context in which it was made, was fair and proper.

Finally, the defendant argues that the court erred in admitting evidence by the defendant's girlfriend that she was in Puerto Rico on February 7, 1981. The gravamen of this claim is that the testimony was irrelevant and unduly prejudicial. We do not agree. The testimony was offered to rebut the defendant's claim that he was living with her on the date of the incident. As such it was clearly relevant. Furthermore, whether its probative value is outweighed by its prejudicial effect on the defendant's case, is within the

trial court's discretion. *State* v. *Ralls,* 167 Conn. 408, 419, 356 A.2d 147 (1974). In the present case, we find that the trial court did not abuse its discretion in admitting this evidence.

There is no error.

DALY, COVELLO and F. HENNESSY, Js., participated in this decision.