******************************************************

The ''officially released'' date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the ''officially released'' date appearing in the opinion.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the advance release version of an opinion and the latest version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

LAVINE, J., dissenting. Because I believe a nondelegable duty charge was not required and indeed unwarranted, I agree with the trial court that the facts did not support the giving of such a charge and that to have given it simply would have confused the jury. Moreover, the plaintiff has failed to carry her burden of showing that the failure to give the requested charge affected the verdict. Therefore, for the following reasons, I respectfully dissent.

I agree with the facts as recited in the majority opinion.

Preliminarily, it should be noted that the purpose of a nondelegable duty charge is to prevent a defendant from arguing that she should be freed from liability because she had transferred to a third party the job of maintaining her premises in a safe condition. See, e.g., *Smith* v. *Greenwich*, 278 Conn. 428, 456–458, 899 A.2d 563 (2006). In other words, in simple English, it is to prevent a landowner from saying: "It's not my fault because Joe Doakes was supposed to do it." But, in the present case, the defendant landowner is in effect saying: "Don't blame Joe Doakes. *Blame me.* I'm the one who is fully responsible for the problem."

The majority states that, "[d]uring trial, Robert Cohen testified that he hired individuals to assist him in removing snow from the plaintiff's steps and in spreading salt and sand on them. *On its face, that testimony implicates the nondelegable duty doctrine because Robert Cohen testified that there were individuals performing maintenance work on the rear exterior staircase. Thus, he raised the issue, by implication, of whether he or others may have been responsible for the claimed defect. It is well fixed in our decisional law, however, that the defendants cannot shift legal responsibility to others when someone is injured due to the condition of property owned and controlled by the defendants.*" (Emphasis added.)

I disagree with the italicized portion of this assertion. In effect, the majority is asserting that a nondelegable duty charge must be given whenever a landowner hires individuals to maintain his property. Moreover, the unstated but erroneous premise of the majority's argument is that Robert Cohen may have been seeking to avoid legal responsibility by pointing the finger at a third party. The nondelegable duty doctrine stands for the proposition that an employer "may contract out the *performance* of [its] nondelegable duty, but may not contract out [its] ultimate legal responsibility." (Emphasis in original.) *Gazo* v. *Stamford*, 255 Conn. 245, 255, 765 A.2d 505 (2001). But, as noted, this case falls outside the purview of the nondelegable duty doctrine because,

as the trial court pointed out in its response to the motion for articulation: "There was no evidence or argument that anyone other than the defendant was responsible for the maintenance of the stairway." At no time did Robert Cohen attempt to dodge or to deny responsibility for the condition of the stairway on which the plaintiff fell. In fact, he, in effect, claimed responsibility, as he testified in response to questioning on cross-examination from his counsel[1]:

"Q.: Thank you. As part of your process for taking care of this back staircase at 390 West Main Street if there was snow or ice, you would spread—or you or your workers would spread salt and sand on the stairs?

"A.: Yes, yes.

"Q.: And isn't it true, though, that after salt and sand was spread on the stairs you would not go back or you would not have your helpers go back and clear them off?

"A.: Not in January because there was anticipation of more snow and ice.

"Q.: So the salt and sand would go on, presumably, the snow and ice would melt, but neither you nor your workers would go and clear off the sand from the staircase? Is that—

"A.: Not in the—

"Q.: —correct?

"A.: —winter.

"Q.: I'm sorry?

"A.: Not in the winter."

Therefore, the plaintiff's proposed jury instruction that "[the defendant] cannot escape liability for any such injury by claiming he had contracted with someone else to maintain the premises in a reasonably safe condition," was unwarranted and unsupported by the facts of the case. Robert Cohen maintained control of the stairs, and those who helped him merely followed his instructions. The majority seems to be suggesting that notwithstanding Robert Cohen's decision-making authority, the helpers should have, on their own initiative and contrary to their employer's wishes, remedied the problem. I am unaware of any Connecticut case in which the defendant did *not* point at a third party in an effort to avoid legal responsibility, yet the failure to give a nondelegable duty charge was found to be reversible error.

Next, I agree with the trial court that to have given the instruction in this case would have confused the jury because the issue was neither presented nor argued by the defendants. While, as a general proposition, a trial court should give a requested charge if the law is relevant to the issues before the jury and there is a factual basis for it, the trial court must maintain some

reasonable degree of latitude based on pragmatic considerations. A trial court has "wide discretion" in the exercise of its jury charging function. *Ladd* v. *Burdge*, 132 Conn. 296, 298, 43 A.2d 752 (1945). The trial court, having sat in the court and observed the proceedings, counsels' arguments, and the jurors' reactions to the testimony, and generally gauged the jurors' understanding of the legal concepts presented, must be given discretion in a case where the giving of a requested charge might theoretically be permissible, but where, on balance, the trial court sees no need for it given the facts of the case and because of its capacity to confuse the jury. In other words, the fact that such a charge could theoretically have been given does not mean it was error to have failed to give it.[2] In ambiguous situations such as the present case, I believe the question to ask is whether the court abused its discretion in failing to give the nondelegable duty charge. In this case, I believe the answer to this question is "no."

"When reviewing [a] challenged jury instruction . . . we must adhere to the well settled rule that a charge to the jury is to be considered in its entirety, read as a whole, and judged by its total effect rather than by its individual component parts. . . . [T]he test of a court's charge is . . . whether it fairly presents the case to the jury in such a way that injustice is not done to either party under the established rules of law. . . . As long as [the instructions] are correct in law, adapted to the issues and sufficient for the guidance of the jury . . . we will not view the instructions as improper." (Internal quotation marks omitted.) *Mahon* v. *B.V. Unitron Mfg., Inc.*, 284 Conn. 645, 656, 935 A.2d 1004 (2007). It must be remembered that the trial court in the present case included in its charge a discussion of the legal duty owed by a possessor of land to an invitee. Viewed as a whole, I believe the charge was adequate.

Under the circumstances of the present case, in which the defendants' responsibility for the condition of the stairs was unquestioned and Robert Cohen never argued that his helpers were legally responsible, it is hard to see why the requested charge was required, particularly when the trial court thought it would confuse the jury.

Finally, I do not agree with the majority that the failure to give the requested charge was harmful. Examination of excerpts from counsel's closing arguments confirms that the plaintiff's argument was directed solely at Robert Cohen. In his closing arguments, the plaintiff's counsel placed the blame for the accident squarely on Robert Cohen *himself*, and no one else. For example, counsel argued: "The steps were never swept. . . . In terms of responsibility for the accident, I almost don't have to say anything else. A storm would come, he would have his men come and clean up the ice and snow, put sand and salt on the steps, leave the

sand there."

Later, in his rebuttal closing argument, the plaintiff's counsel stated: "The bottom line is . . . negligence, about neglecting to do something. He has his workers to help him maintain these sixty units and he can't be bothered to come by, have some—pay someone to come by and sweep the steps so that they're safe, and that's why . . . she has these lifelong effects . . . ." I disagree with the majority's assertion that there was harmful error that requires the jury's verdict to be set aside and the case remanded for a new trial. It must be remembered that the jury sent the court a note asking how to mark the jury form if it found "neither party negligent." I see nothing whatever in the record to suggest that had a nondelegable duty charge been given, the result would have been different. The burden to prove the charge given by the court was harmful rests squarely on the plaintiff; see *Burke* v. *Mesniaeff*, 334 Conn. 100, 119, 220 A.3d 777 (2019); and she has failed entirely to carry that burden. Indeed, the majority has failed to identify any evidence from the record in support of its assertion that the failure to give the requested instruction "likely . . . affected the verdict." (Internal quotation marks omitted.) *Schoonmaker* v. *Lawrence Brunoli, Inc.*, 265 Conn. 210, 243, 828 A.2d 64 (2003). The majority relies on language in our Supreme Court's decision remanding this case in support of its conclusion that the failure to give the requested charge was harmful. See *Garcia* v. *Cohen*, 335 Conn. 3, 225 A.3d 653 (2020). I respectfully suggest this supposition is not sufficient. Under the particular facts and circumstances of this case, I do not believe the trial court abused its discretion by refusing to give the nondelegable duty charge.

In sum, I believe the majority is applying the nondelegable duty doctrine under attenuated and unclear circumstances, in which it was not factually justified, in which the trial court appropriately exercised its discretion not to give it because it concluded that the charge would unnecessarily confuse the jury, and in which the failure to give it did not affect the verdict. This is not a case in which the law clearly required that the charge be given. It is a case in which whether or not to give it was a matter upon which reasonable judges could disagree. I would defer to the instincts of the judge in the courtroom, who concluded first, that the charge was not warranted under the facts, and second, that, in any event, it would confuse the jury.

For the foregoing reasons, I respectfully dissent.

[1] It should be noted that Robert Cohen did not mention that he hired individuals to help him maintain his property until the plaintiff's counsel asked him on direct examination.

[2] This case is factually distinguishable from *Sola* v. *Wal-Mart Stores, Inc.*, 152 Conn. App. 732, 100 A.3d 864, cert. denied, 314 Conn. 941, 103 A.3d 165 (2014), in which this court concluded that the trial court had misconstrued and misapplied the nondelegable duty doctrine. In *Sola*, "[p]rior to the start of the trial, the court and the defendant had notice that one of the plaintiff's

theories of recovery was that the nondelegable duty doctrine imposed liability on the defendant for the negligence of its independent contractor." Id., 749. Moreover, the theory was stated in a motion in limine filed prior to trial, and evidence was presented at trial that supported giving a nondelegable duty charge. Id., 749–50.

———————————————